THE STATE OF UTAH, Respondent, v. ARTHUR MILLER, Appellant.

No. 1342.     (67 Pac. 790.)

**Burglary: Sufficiency of Proof: Evidence as to time.**
    Burglary, which, under Revised Statutes, sections 4334, 4338, must be committed between sunset and sunrise, is not proved by evidence that goods were stolen from a building between 9:30 p. m. and 6:30 a. m.; the sun rising at 4:38 a. m.

(Decided February 17, 1902.)

Appeal from the Second District Court, Weber County—*Hon. H. H. Rolapp,* Judge.

The defendant was convicted of the crime of burglary and appealed.

REVERSED.

*Elijah Farr, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

State v. Miller.

BARTCH, J.—The defendant was convicted of the crime of burglary, alleged to have been committed on July 2, 1901, by unlawfully and feloniously entering a store in the nighttime in Ogden, with intent to commit larceny. The evidence showed that on the second of July, 1901, the owner of the store closed it up and quit business for that day at 9:30 ·p. m., and opened it up again the next morning at 6:30 a. m., when he found that it had been broken into, and some of the goods, which were all there when he closed at 9:30 p. m., were missing. On that day the sun arose at twenty-two minutes of 5 o'clock a. m. Later in the day, it appears, the missing goods were found in the possession of the defendant, who was trying to sell them. When arrested, the prisoner claimed he got the goods from another man. Such is the character of the evidence upon which the conviction of the offense is based. The appellant insists that the evidence is insufficient to warrant the conviction. This point seems to be well taken. Section 4334, Revised Statutes, so far as material here, provides: "Every person who, in the nighttime, forcibly breaks and enters, or without force enters through any open door, window, or other aperture, any house, room, apartment, ... store, ... with intent to commit larceny or any felony, is guilty of burglary." Section 4338, Revised Statutes, reads: "The phrase 'nighttime,' as used in this chapter, means the period between sunset and sunrise." Under these provisions of the statute it will be seen that, even though a building of the kind mentioned be broken into and goods stolen, the offense does not amount to burglary unless committed between sunset and sunrise. From the evidence it appears the goods were stolen some time between 9:30 in the evening and 6:30 in the morning. But 6:30 a. m. is nearly two hours after sunrise; hence, if it be admitted that the defendant was proven to have taken the goods, still it is impossible to say from the proof that he took them in the nighttime, for he may have taken them after sunrise and before 6:30 a. m. Nor are there any circumstances

in evidence of such a character as to show beyond a reasonable doubt that the prisoner took the goods in the nighttime. If he broke into the store and stole them in the daytime, after sunrise, the offense was not burglary. An essential element of the crime of burglary is that the offense was committed—the acts done—in the nighttime. Evidence of this is wholly wanting in this case. The record contains no proof of the crime itself, and the conviction of the prisoner of burglary is therefore unwarranted. In State v. Gray, 23 Nev. 301, 46 Pac. 801—a case quite similar to the one at bar—it was said: "The defendant was convicted of burglary, and, admitting that the evidence was sufficient to support the conclusion that the defendant entered the barn and stole the saddle therefrom, there was nothing to prove that it was done in the nighttime, and nothing from which that fact could be inferred. We may suspicion quite strongly that it was, but suspicions, however strong, are not sufficient to convict men of crimes. There must be evidence of every essential element of the crime, and it must be of sufficient weight to convince an impartial jury beyond reasonable doubt."

The judgment is reversed, and the cause remanded.

MINER, C. J., and BASKIN, J., concur.