STATE *vs.* WILLIAM V. HUDSON.

APRIL 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an indictment charging burglary. After a verdict of guilty, the case is here on defendant's exceptions as follows: To the admission of evidence, to the denial of his motion to dismiss the indictment and to the denial of his motion for a new trial.

The main contention is that although the defendant may be guilty of the statutory offense of breaking and entering a dwelling-house and larceny therein, there was no evidence that the crime was committed in the night time and hence no proof of burglary.

Burglary at common law is the breaking and entering the dwelling-house of another in the night time with the intent to commit a felony therein, whether the felony be actually committed or not. Although circumstantial evidence may in some cases be sufficient to prove that the offense was committed in the night time, the fact that it was so committed must be affirmatively proved beyond a reasonable doubt. 6 Cyc. 242.

The indictment alleges burglary on August 12, 1931, in connection with a dwelling-house owned and occupied by Christopher F. Walsh. On August 7, 1931, Mr. and Mrs. Walsh left their home for a short vacation. The doors were locked at the time of their departure. On their return on August 14, 1931, they discovered that someone had ransacked the house and carried away many valuable articles. On August 21, 1931, the police found nearly all the stolen property in the possession of the defendant. Miss Cummings, who lived in the house next to that of Mr. Walsh, testified that after dark on the evening of August 12, 1931, the defendant came to her door and inquired whether Mr. Walsh was at home. On the morning of August 13, 1931, defendant pawned a clock which was one of the articles taken from Walsh's house.

The defendant testified in his own behalf. His story was that—excepting the time required to visit a certain store on August 13—he was, by reason of illness, confined to his home during all the time from August 9, 1931, to August 14, 1931; that he was not in the vicinity of the Walsh house on said evening of August 12 and did not talk with Miss Cummings on that date but that he was there and did talk with her on the evening of August 14, 1931, and that he obtained possession of the stolen property by purchase.

The defendant having pawned one of the clocks on the morning of August 13, 1931, it is evident that the house was entered on some date prior to that time. There is no evidence that the articles which were stolen were in the Walsh house on said evening of August 12. They may have been removed at any time—during the daytime or night time—from August 7 to August 13, 1931. The evidence is sufficient to warrant a finding that at some time during this period defendant broke and entered the house and committed larceny therein, but there is no evidence to show that the crime was committed in the night time. There is evidence that defendant was in the vicinity during the night of August 12, but, as we have already stated, there is no evidence that the articles were in the house at that time and, if they were, the entry may have been made during the daytime on the morning of August 13. The jury might have naturally suspected that the defendant entered or broke and entered the house in the night time but mere suspicions, however strong, are an insufficient basis for a finding of guilt. See *State* v. *Gray*, 46 Pac. 801; *State* v. *Miller*, 24 Utah 312; *Leisenberg* v. *State*, 60 Neb. 628.

The defendant's exception to the denial of his motion for a new trial is sustained. The remaining exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*John P. Hartigan, Attorney General, Michael De Ciantis, Assistant Attorney General,* for State.

*Robert P. Beagan, J. Addis O'Reilly,* for defendant.