David F. MORRIS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1668.

Court of Appeals of Alaska.

March 27, 1987.

Gary W. Vancil, Fairbanks, for appellant.

Ernst Wendl, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

David Morris was convicted of driving while intoxicated (DWI). AS 28.35.030. He appeals, contending that the trial court erred in failing to dismiss the prosecution against him because trial did not occur within the 120–day period provided for in Alaska Rule of Criminal Procedure 45. We affirm.

Morris was arrested on September 17, 1985. Trial was scheduled for November 7, 1985, and continued until November 12, 1985. On November 12, Morris, through counsel, indicated his intention to waive trial and to change his plea. The trial date was therefore vacated, and a hearing was scheduled on November 29, 1985, to enable Morris to enter a plea to the charge.

As is customary in the district court, it was presumed that sentencing would follow immediately upon the entry of plea. A person convicted of DWI is subject to a minimum sentence which depends, in part, upon the number of his prior convictions. AS 28.35.030(c). Morris had admitted informally to prior DWI convictions, but refused to stipulate to a "criminal record printout" from the state of Texas. Consequently, the state was compelled to prove the conviction by submitting a certified copy of the judgment. The change of plea was continued until December 13, 1985, to allow the prosecution time to obtain that documentation.

On December 13, 1985, the state submitted a certified copy of a prior DWI conviction from Texas containing the name, "David Franklin Morris." A dispute arose, however, regarding the standard-of-proof the state must sustain in order to prove a prior conviction, and Morris requested additional time to brief the issue. The court granted the request, and scheduled a hearing for January 31, 1986, remarking that it

would look at the matter "as a request for the defense for purposes of briefing, so Rule 45 is going to delay during the period of time required here." At the January 31, 1986, hearing, Morris produced a supplemental memorandum arguing that the Texas and Alaska statutes were not sufficiently similar to permit a conviction under the former to constitute a prior conviction under the latter. The court ruled in favor of Morris on the standard-of-proof issue, and advised him to file the memorandum. The court then set a hearing in regard to the substantial similarity issue.

The state subsequently moved for reconsideration of the standard-of-proof issue. At a hearing in February 1986, the court denied the state's motion to reconsider. The state also sought, at this hearing, to introduce into evidence materials from Texas, allegedly pertaining to Morris' driving record. Morris opposed the state's motion, and requested an opportunity to view the materials in question. Morris also inquired whether he would have to waive his Criminal Rule 45 rights in order to obtain additional time. The court indicated that he would have to waive these rights, and gave him a week to view the state's materials. A further briefing schedule was established and a new hearing was ultimately set for February 28, 1986.

At the February 28, 1986, hearing, the trial court ruled that a conviction under the Texas DWI statute could be considered a prior conviction under AS 28.35.030(c). However, proof of the prior Texas conviction had yet to be established. Morris complained that the time taken and the amount of time possibly needed to prove the Texas conviction was suspect and merited sanctions against the state. Morris also expressed concern over his Rule 45 rights. The court responded that, "we are under Rule 45 at this point." The court then calculated that roughly sixty-one days had run for the purpose of Criminal Rule 45, and noted that "speedy trial does not appear to be a big problem." The court also acknowledged Morris' intention to enter a change of plea, but indicated that it would not require the plea to be entered until the

status of his prior conviction had been determined. *See* Alaska R.Crim.P. 11(c)(3). Since the intended change of plea had not yet been entered, the court scheduled a calendar call for April 11, 1986, and a trial date of April 14, 1986. The state, apparently, had until this trial date to resolve the issue of proof of the Texas conviction.

On March 18, 1986, the state moved to change the trial date to some time prior to April 9, 1986. The complainant-witness in this case, an Alaska State Trooper, was on leave starting April 9. Additionally, the state believed that Rule 45 expired on April 10, 1986. Trial was ultimately rescheduled for April 8.

On April 8, 1986, Morris, who had not changed his plea, moved to dismiss for violation of Criminal Rule 45. He calculated that 202 days had accumulated from September 18, 1985, the date of his arrest, until April 8, 1986. In Morris' view, only forty-eight days were properly excluded from consideration under Criminal Rule 45(d). The trial court denied Morris' motion without entering any findings of fact and conclusions of law. Morris, with the consent of the court and the prosecutor, subsequently entered a conditional plea to the charge, reserving the right to argue Criminal Rule 45 on appeal. *See, e.g., Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). This appeal follows.

## DISCUSSION

Alaska Rule of Criminal Procedure 45 is a speedy-trial rule, not a speedy-sentencing rule. By its terms, the time period commences to run when a defendant is arrested or in some other way formally notified of the charge. Criminal Rule 45(c)(1). It continues to run until the case is tried or disposed of on the merits. In this case, Morris was arrested on September 18, 1985, and trial was scheduled for November 12, 1985, well within the 120–day period provided in Criminal Rule 45. The case did not go to trial on November 12, 1985, because Morris unequivocally indicated an intent to plead to the charge. From November 12, 1985, until the case was ultimately

scheduled for trial on April 8, 1986, the parties were concerned with sentencing issues, *i.e.,* did Morris have a prior conviction or convictions in Texas for DWI that would enhance the penalties applicable to a DWI conviction in Alaska? In our view, Morris' formal notification, through counsel, to the court that he intended to plead had the same effect on Criminal Rule 45 as an entry of plea would have had. Thus, the running of Criminal Rule 45 was suspended on November 12, 1985.

We recognize that Morris did not enter a plea prior to April 8, 1986, and that he was free to change his mind at any time prior to actually entering a plea. We also recognize that Morris' willingness to plead was no doubt influenced by his expectations regarding an appropriate sentence. His sentence, in fact, depended upon whether the state could prove prior Texas convictions. It is clear, however, that had Morris changed his mind and demanded trial, the period during which his plea was under consideration should have been excluded under Criminal Rule 45(d)(1). *State v. Fevos,* 617 P.2d 490, 492–93 (Alaska 1980).

In summary, Morris' rights under Criminal Rule 45(a) commenced with his arrest on September 18, 1985. They ended on November 12, 1985, when his case was scheduled for trial and Morris notified the court of his intent to plead to the charge. Criminal Rule 45 has no application to the period intervening between November 12, 1985, and April 8, 1986, because Morris never unequivocally canceled his offer to plead to the charge. Consequently, the trial court did not err in denying Morris' motion to dismiss.

The judgment of the district court is AFFIRMED.