**Phillip BOBBY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6212.**

Court of Appeals of Alaska.

Dec. 19, 1997.

11. This result also requires that the award of costs and attorney's fees to Stephanie must be vacated.

Scott A. Sterling, Wasilla, for Appellant.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

## OPINION

MANNHEIMER, Judge.

Phillip Bobby asks us to decide three issues in this case. The first issue involves the calculation of time under Alaska's speedy

trial rule, Criminal Rule 45, when a defendant faces trial after withdrawing a previous plea of guilty or no contest. The second issue is whether the *ex post facto* clause prohibits the State from enforcing certain portions of Alaska's sex offender registration law, AS 12.63.010 *et seq.*, against defendants who committed their crimes before the effective date of the law. The third issue is whether the judge who sentenced Bobby was clearly mistaken to put him on probation for 5 years following his release from prison. As explained more fully below, we hold that Rule 45 was not violated, that Bobby has failed to preserve his *ex post facto* attack on the sex offender registration law, and that the sentencing judge was not clearly mistaken to place Bobby on probation for 5 years.

### Facts of the case

In March 1994, Phillip Bobby attacked a woman: he beat her on the head several times with a fire extinguisher, then raped her. Based on this incident, a grand jury indicted Bobby for first-degree sexual assault, AS 11.41.410(a)(1), first-degree assault, AS 11.41.200(a), and third-degree assault, AS 11.41.220(a)(1)(A).

Six months later (on September 19, 1994), Bobby pleaded no contest to the count of the indictment charging first-degree assault and to a reduced charge of second-degree sexual assault, AS 11.41.420(a)(1). Because Bobby pleaded no contest to second-degree sexual assault, he was subject to the sex offender registration law, AS 12.63.010 *et seq.* This law had taken effect the previous month (on August 10, 1994).

When Bobby entered his plea to second-degree sexual assault, the superior court failed to inform him that his conviction of this offense would make him subject to the sex offender registration law.[1] However, a few days later, the court resummoned the parties and explained this requirement to Bobby. Following this hearing, Bobby spoke to his attorney about the sex offender registration

law. According to the affidavit and the testimony later offered by one of Bobby's attorneys, Bobby and his attorney discussed their options, including the possibility of filing a motion to withdraw Bobby's plea, but Bobby was undecided as to what he wished to do.

While this issue remained unresolved, Bobby's sentencing was continued several times at his request. Then, on May 24, 1995, Bobby filed a motion to withdraw his pleas; the basis for this motion was Bobby's lack of awareness, when he entered the pleas, that he would be subject to the sex offender registration law. The superior court granted Bobby's motion on June 2, 1995; Bobby's former pleas of "not guilty" were reinstated, and his case was set for trial.

When Bobby's case was called for trial on August 9, 1995, Bobby asked for a continuance until September 7th. Then, on September 7th, Bobby asked the superior court to dismiss his case; he argued that the speedy trial provisions of Criminal Rule 45 had been violated.

Bobby conceded that Rule 45 had not been violated at the time he entered his no contest pleas in September 1994—an event that stopped the running of the speedy trial "clock". *See* Criminal Rule 45(f). Bobby also conceded that, under Rule 45(c)(6), the speedy trial clock is reset to Day 1 whenever the court allows a defendant to withdraw pleas of guilty or no contest. However, Bobby asserted that he instructed his attorneys to file a plea-withdrawal motion in October 1994 (that is, a short time after he learned about the sex offender registration law), and he further asserted that his attorneys had inexplicably and incompetently failed to file this motion until seven months later (in May 1995). Bobby contended that this delay resulted in a violation of Rule 45: he argued that if his attorneys had acted with diligence in filing the plea-withdrawal motion, the court would have allowed him to withdraw his pleas several months earlier, and thus the Rule 45 clock would have restarted several

---

1. When the legislature enacted the sex offender registration law, they also amended Alaska Criminal Rule 11(c) to require that when a court accepts a plea of guilty or no contest to one of the sex offenses listed in AS 12.63.100(3), the court must advise the defendant of the duty to register. *See* SLA 1994, ch. 41, § 10. This new requirement took effect on August 10, 1994, a few weeks before Bobby's sentencing.

months earlier, and thus his current trial date of September 7, 1995 would be in violation of Rule 45.

Superior Court Judge Beverly W. Cutler held a hearing to investigate Bobby's allegation of incompetent representation. At the conclusion of the evidence, Judge Cutler found that Bobby's attorneys had shown diligence and had acted reasonably. In particular, Judge Cutler credited the evidence that Bobby had remained undecided for several months—up through April 1995—as to whether he should seek withdrawal of his no contest pleas. She found that Bobby's testimony to the contrary was not credible.

In addition, Judge Cutler ruled that even if Bobby had unambiguously asked his attorneys to file the plea-withdrawal motion, and even if the attorneys had incompetently failed to file the motion for several months, Rule 45 would still not be violated—because, under Rule 45(c)(6), the clock was reset to Day 1 when the court allowed Bobby to withdraw that plea, regardless of the procedural history that preceded that event.

Following Judge Cutler's ruling, Bobby again decided to plead no contest to first-degree assault and second-degree sexual assault. He entered his pleas pursuant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), preserving his right to appeal the superior court's denial of his Rule 45 motion.

Judge Cutler subsequently sentenced Bobby to a 7–year presumptive term for first-degree assault[2], and she imposed a consecutive term of 4 years' imprisonment with 3 years suspended for the offense of second-degree sexual assault. Thus, Bobby's composite sentence is 11 years with 3 years suspended (8 years to serve). Judge Cutler placed Bobby on probation for 5 years following his release from prison.

*Bobby's Rule 45 claim*

On appeal, Bobby renews his argument that the Rule 45 clock should have restarted when his attorneys unreasonably delayed filing the plea-withdrawal motion. Bobby completely neglects to mention Judge Cutler's findings of fact—her findings that Bobby could not decide for several months whether to withdraw his pleas, that Bobby's attorneys acted competently during this time, and that Bobby's assertions to the contrary were unbelievable. We must accept the superior court's findings of fact unless Bobby shows that they are clearly erroneous. *Wilburn v. State*, 816 P.2d 907, 911 (Alaska App.1991). Bobby's failure to address those findings means that he has failed to meet this burden.

Additionally, we uphold Judge Cutler's ruling that even if Bobby had proved his factual assertions, Rule 45 would still not be violated. In essence, Bobby contends that, because of his attorneys' lack of diligence in filing the plea-withdrawal motion—something that could not be known to the court or the State until it was alleged and litigated—the speedy trial clock started running, unannounced, at some undetermined time during the winter or spring of 1995, when the court and the State were preparing for Bobby's sentencing. In *Coffey v. State*, 585 P.2d 514, 520–21 (Alaska 1978), and in *State v. Jeske*, 823 P.2d 6, 9–10 (Alaska App.1991), the supreme court and this court considered and rejected analogous arguments—that Rule 45 should be calculated based on mental states, decisions, or events unknown to the trial court. We likewise reject Bobby's argument.

When Bobby entered his no contest pleas (the first time), Rule 45 was satisfied; no speedy trial issue remained. *See* Rule

---

**2.** First felony offenders convicted of a class A felony (such as first-degree assault) face either a 7–year or a 5–year presumptive term, depending on the circumstances of the offense. *See* AS 12.55.125(c)(1)-(2). One circumstance that triggers a 7–year presumptive term under AS 12.55.125(c)(2) is the defendant's use of a dangerous weapon. However, in *Pruett v. State*, 742 P.2d 257, 262–63 (Alaska App.1987), this court held that defendants charged with first-degree assault under subsection (a)(1) of AS 11.41.200

are subject to only a 5–year presumptive term, even if they used a dangerous instrument to commit the assault. *Pruett* did not resolve whether defendants convicted of first-degree assault under the other two subsections of the statute would face a 7–year or a 5–year presumptive term. *Id.* at 263, n. 7. Bobby was convicted under subsections (a)(2) and (a)(3); he stipulated that he was subject to a 7–year presumptive term.

45(f); *see also Minch v. State*, 934 P.2d 764, 767 (Alaska App.1997); *Morris v. State*, 734 P.2d 1012, 1014 (Alaska App.1987) (holding that Rule 45 is a speedy trial rule, not a speedy sentencing rule). As far as the superior court knew, the next event in Bobby's case would be the sentencing. Judge Cutler was entitled to assume that Bobby's case presented no speedy trial issue "until an event or circumstance altering that status was affirmatively brought to the judge's attention. A contrary rule would leave Rule 45 calculations unsettled and tentative until the day of trial." *Jeske*, 823 P.2d at 9–10.

We thus hold that it was irrelevant, for Rule 45 purposes, what delayed the filing of Bobby's plea-withdrawal motion. Until that motion was filed, Rule 45 was satisfied; after the motion was granted, Rule 45 was restarted. Even if Bobby had proved that his attorneys failed to diligently act on Bobby's request to withdraw his plea, the Rule 45 clock would not have surreptitiously started to tick before the plea-withdrawal motion was litigated.

*Bobby's attack on the sex offender registration law*

■ Having resolved Bobby's Rule 45 claim, we now turn to his argument that parts of the sex offender registration law are unconstitutional. Because Bobby has been convicted of second-degree sexual assault under AS 11.41.420(a), and because he has been sentenced to prison, he will be required to register with the troopers or the local police within 7 days of his release. *See* AS 12.63.010(a) and AS 12.63.100(2)–(3). When he does, his address, place of employment, date of birth, and photograph will be available to the public, as will information identifying the crime for which he was convicted, his date of conviction, and the length of his sentence. *See* AS 18.65.087(b).

Bobby does not dispute the State's right to require him to register with the police and provide the listed kinds of information. However, Bobby contends that public disclosure of this information will have severe ad-verse consequences on his relations with others in the community and, perhaps, his personal safety. He argues that these consequences are so severe that they constitute an added punishment for his crime of second-degree sexual assault—and that, because he committed his crime before the sex offender registration law took effect, the *ex post facto* clauses of the federal and state constitutions prohibit the State from divulging this information to the public.

■ We conclude that Bobby has failed to preserve this constitutional claim. First, the claim was never litigated in the superior court. Although Bobby asserted that he should be allowed to withdraw his first no contest pleas because he had entered them in ignorance of the sex offender registration law, Bobby never argued in the superior court that application of the law to him would be unconstitutional. Absent plain error, an appellate court will not address claims that were not raised below. With courts around the country divided on the issue of whether disclosure of a sex offender's registration information constitutes "punishment" [3], Bobby's claimed error is not plain. *See Hansen v. State*, 845 P.2d 449, 457 (Alaska App.1993); *Marrone v. State*, 653 P.2d 672, 676 (Alaska App.1982) (holding that when there is no clear legal answer to the defendant's claim, the defendant has failed to establish plain error).

■ Second, even if Bobby had litigated this claim below, he did not preserve it when he entered his *Cooksey* plea of no contest. More to the point, Bobby could not have preserved this claim when he entered his *Cooksey* plea.

■ A defendant who pleads guilty or no contest waives all non-jurisdictional errors that may have been committed in the trial court. *Cooksey* established an exception to this rule, allowing a defendant to plead no contest and still preserve an issue for appeal. 524 P.2d at 1256–57; *Miles v. State*, 825 P.2d 904, 905 (Alaska App.1992). However, the issue must be explicitly preserved for appeal

**3.** *Compare Doe v. Poritz*, 142 N.J. 1, 662 A.2d 367 (1995), *State v. Ward*, 123 Wash.2d 488, 869 P.2d 1062 (1994), and *Doe v. Pataki*, 120 F.3d 1263 (2nd Cir.1997) *with State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), *cert. denied* ⸺ U.S. ⸺, 117 S.Ct. 2508, 138 L.Ed.2d 1012 (1997).

when the plea is entered, and the issue must be dispositive of the entire case. *Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978); *Miles,* 825 P.2d at 905.

The issue of whether the sex offender registration law can constitutionally be applied to Bobby is not dispositive of his case. Resolution of this issue has no effect on the authority of the State to prosecute Bobby for second-degree sexual assault, no effect on the validity of his conviction, and no effect on the superior court's authority to sentence Bobby for this crime (since registration is not a part of the court's sentence).

■ In his reply brief, Bobby argues that, despite his failure to raise or preserve this issue in the superior court, he is nevertheless entitled to pursue his *ex post facto* claim because his claim goes to the constitutionality of the sex offender registration law (as applied to him), and because the constitutionality of a statute is always jurisdictional. This is incorrect.

The cases that Bobby relies on, *Gudmundson v. State,* 822 P.2d 1328, 1330–31 (Alaska 1991), *Crutchfield v. State,* 627 P.2d 196, 199 (Alaska 1980), and *Gray v. State,* 525 P.2d 524, 527 (Alaska 1974), all involve constitutional challenges to the criminal statutes that the defendants were charged with violating— the statutes that provided the legal authority for the defendants' prosecution and punishment. Bobby was not prosecuted or sentenced for violating the provisions of the sex offender registration law. In fact, because he has not completed his sentence, he is under no obligation to honor those provisions yet. Rather, Bobby was prosecuted and sentenced for second-degree sexual assault. If Bobby attacked the constitutionality of the second-degree assault statute, that would be a jurisdictional issue. However, Bobby's attack on the public disclosure provisions of the sex offender registration law is not.

For these reasons, we conclude that Bobby is not entitled to pursue his *ex post facto* claim on appeal.

*Bobby's attack on his 5-year period of probation*

■ Finally, Bobby contends that Judge Cutler was clearly mistaken when she placed him on probation for 5 years following his release from prison.[4] Bobby argues that, because the offenses in this case are his first criminal offenses, Judge Cutler acted unreasonably in setting such a long period of probation; Bobby suggests that his probation should extend no more than 2 years.

Having examined the record, we conclude that Judge Cutler's decision was not clearly mistaken. *State v. Wentz,* 805 P.2d 962, 964 (Alaska 1991); *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). Bobby's victim suffered substantial injuries, and Bobby was ordered to pay several thousand dollars in restitution. One justification for setting Bobby's period of probation at 5 years would be to insure that he complies with this obligation. More important, however, is the fact that Bobby's violent physical and sexual assault on his victim was apparently inexplicable. The victim is Bobby's cousin, and the attack occurred without warning while Bobby was paying a social visit to her house. Under these circumstances, Judge Cutler was not obliged to adopt a sanguine view of Bobby's prospects for speedy rehabilitation. The judge could reasonably conclude that Bobby should be placed on probation supervision for 5 years to help insure the public safety and to reinforce the deterrent aspects of the sentence.

*Conclusion*

The judgement of the superior court is AFFIRMED.

---

**4.** Currently, AS 12.55.090(c) authorizes a sentencing judge to place a defendant on probation for up to 10 years. At the time of Bobby's offenses, however, the maximum term of probation was 5 years.