STATE OF NEBRASKA, APPELLEE, V. REYES J. TORRES, ALSO KNOWN AS JOSE REYES-TORRES, APPELLANT.

574 N.W. 2d 153

Filed February 27, 1998.    No. S-97-467.

Thomas C. Riley, Douglas County Public Defender, and Gary D. Olson for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

This is a criminal case in which appellant, Reyes J. Torres, also known as Jose Reyes-Torres, pled no contest to third degree sexual assault. The district court sentenced Torres to 1 year's probation and informed him of his duty to comply with

Nebraska's Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 et seq. (Cum. Supp. 1996). Torres appealed his conviction to the Nebraska Court of Appeals, and on our own motion, we removed the case to our docket. See Neb. Rev. Stat. § 24-1106 (Reissue 1995).

Torres contends the sentence is excessive because the SORA, via § 29-4011, potentially increases his sentence for failing to register under the act. As Torres lacks standing to challenge the SORA, we affirm the decision of the trial court.

On June 22, 1996, 29-year-old Torres was observed engaging in sexual intercourse with his 14-year-old niece. Torres was charged with first degree sexual assault on a child, but due to a plea bargain the charge was amended to third degree sexual assault, a Class I misdemeanor. See Neb. Rev. Stat. § 28-320 (Reissue 1995). Torres pled no contest, and on April 9, 1997, the district court sentenced him to 1 year's probation. The court also informed Torres of his obligation under the SORA, as a convicted sex offender, to register with the sheriff of the county in which he resides. See § 29-4004.

Torres' obligation to register pursuant to the SORA was not made part of the court's order, but arose solely and independently under the terms of the SORA itself. The only mention of the SORA is revealed in the following conversation between the district court, Torres' counsel, and Torres, through his interpreter:

THE COURT: . . . .

I believe, Mr. Reyes-Torres, that you have gone over this document entitled Notification of Registration Responsibilities Under Nebraska Sex Offender Registration Act. Is that right? You went over that with Mr. Olson?

(BY INTERPRETER): Yes, but I have a question. Will I have to register? When I committed this act, this law was not yet passed.

THE COURT: That may be, but the statute provides that basically any sentence given — any plea after January 1, 1997, we have to comply with this Sex Offender Registration Act. So even though the offense you were convicted of occurred before then, the statute talks about

pleas after January 1, 1997. So as far as I can determine, you do have to comply with this act.

MR. OLSON: I have told Mr. Reyes-Torres numerous times I do plan on challenging that portion of his sentence to the Nebraska Court of Appeals.

THE COURT: All right. All right. I will give you a copy of [the SORA form], Mr. Reyes-Torres. You've gone over it, and I'm not going to read the whole matter to you. It talks about you have a duty to register under the act, and it states, among other things, that duty begins within five working days after you have been convicted or entered a guilty plea and sentenced. So it appears under this you would have to register within five days from today's date.

I will give you a copy of this, Mr. Reyes-Torres . . . .

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Andrews v. Schram*, 252 Neb. 298, 562 N.W.2d 50 (1997). However, an appellate court will not consider a constitutional question unless the question has been properly presented to the trial court for disposition. *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993). The Nebraska Supreme Court will not pass upon the constitutionality of legislation absent a need to do so in order to properly dispose of an action. *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994).

Torres' sole assignment of error is that his sentence is excessive because the SORA, via § 29-4011, potentially increases his sentence for failing to register under the act. The SORA provides, in pertinent part:

(1) The Sex Offender Registration Act shall apply to any person who on or after January 1, 1997:

(a) Pleads guilty to or is found guilty of:

. . . .

(iii) Sexual assault pursuant to section 28-319 or 28-320;

(iv) Sexual assault of a child pursuant to section 28-320.01.

§ 29-4003. Section 29-4005(1) of the SORA provides that

any person to whom the Sex Offender Registration Act applies shall be required to register during any period of

probation or parole and shall continue to comply with the act for a period of ten years after the date of discharge from probation, parole, or release from incarceration, whichever date is most recent.

Further, § 29-4011 provides:

Any person required to register under the Sex Offender Registration Act who violates the act is guilty of a Class IV felony unless the act which caused the person to be placed on the registry was a misdemeanor, in which case a violation of the Sex Offender Registration Act shall be a crime of the same class or within the same penalty range as the original act.

Torres essentially contends the SORA unconstitutionally violates the U.S. and State of Nebraska Ex Post Facto Clauses because § 29-4011 imposes an additional penalty on convicted sex offenders who fall under the act for failing to register.

Torres attempts to challenge his third degree sexual assault conviction on excessive sentence grounds by arguing the SORA violates the Ex Post Facto Clauses. However, Torres is prohibited from challenging his third degree sexual assault conviction by mounting a constitutional attack on another statute. As we said in *State v. Monastero*, 228 Neb. 818, 424 N.W.2d 837 (1988), defendants are prohibited from attempting to circumvent or avoid conviction under a particular statute by asserting a constitutional challenge to another, collateral statute which is irrelevant to the prosecution. See, also, *Bryson v. United States*, 396 U.S. 64, 90 S. Ct. 355, 24 L. Ed. 2d 264 (1969); *Dennis v. United States*, 384 U.S. 855, 86 S. Ct. 1840, 16 L. Ed. 2d 973 (1966); *People v. Starnes*, 273 Ill. App. 3d 911, 653 N.E.2d 4 (1995) (holding that while a constitutional challenge to a statute under which a defendant is convicted cannot be waived, a defendant can waive such a challenge to the constitutionality of a collateral statute).

The SORA's registration requirements are separate and collateral to any sexual offense which the act affects. In fact, the SORA's registration requirements come into play only *after* a conviction is secured. That is, the only way the SORA affects a defendant is if that defendant enters a plea of guilty or is found guilty of one of the enumerated offenses. § 29-4003. The SORA

was irrelevant to Torres' conviction for third degree sexual assault and had no bearing on the underlying charge or conviction. This is emphasized by the fact that the district court's order did not address the SORA's requirements; rather, the SORA's registration requirements arose solely and independently by the terms of the act itself only *after* Torres' conviction. See §§ 29-4003 and 29-4005.

The judgment of the trial court is affirmed.

AFFIRMED.

CONNOLLY, J., concurring.

I concur in the result, but disagree with the majority's assertion that Torres lacks standing. Torres' assignment of error essentially asserts that his sentence was excessive because a certain penalty was imposed pursuant to another statute, which statute violated the ex post facto clause. Torres clearly has standing to challenge his sentence, and may have standing to challenge a sentence that is based on a statute that is applied in violation of the ex post facto clause. In the instant case, however, we need not address Torres' asserted lack of standing. Regardless of whether Torres lacks standing to assert that his sentence was excessive on the ground that it was imposed pursuant to an ex post facto law, a matter we need not decide, I conclude that Torres' sentence for third degree sexual assault was not excessive. See *Bobby v. State*, No. A-6212, 1997 WL 777329 (Alaska App. Dec. 19, 1997). The issue of whether the SORA

> can constitutionally be applied to [the offender] has no effect on the authority of the State to prosecute [the offender] for . . . sexual assault, no effect on the validity of his conviction, and no effect on the . . . court's authority to sentence [the offender] for his crime (*since registration is not a part of the court's sentence*).

(Emphasis supplied.) *Id.* at *4.

The operation of the SORA is entirely independent from the sentence imposed upon Torres for third degree sexual assault. As such, any claim that Torres may have concerning the ex post facto clause implications of the SORA should be raised if and when he becomes subject to its provisions, but not on a direct appeal from his underlying sexual assault conviction.

Thus, we need not characterize Torres' assignment of error as a collateral attack, leaving him without standing. Simply put, the application of the SORA to Torres is not part of his sentence for third degree sexual assault. Therefore, Torres' sentence for third degree sexual assault was not excessive on the asserted grounds, and on that basis, I concur.

GERRARD and STEPHAN, JJ., join in this concurrence.