IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RATUMAIMURI

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTONIO Y. RATUMAIMURI, APPELLANT.

Filed November 28, 2017.    No. A-17-187.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and Nathan Sohriakoff for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Following a stipulated bench trial, Antonio Y. Ratumaimuri was found guilty of a violation of the Sex Offender Registration Act (SORA). The district court for Lancaster County sentenced him to 12 to 18 months' imprisonment. Ratumaimuri now appeals his conviction. For the reasons that follow, we affirm.

## BACKGROUND

On November 4, 2015, a Lincoln police officer made contact with Ratumaimuri, who was sleeping in a parking garage, and cited him for trespassing. During the course of his contact with Ratumaimuri, the officer learned that Ratumaimuri was a sex offender. The officer discovered that Ratumaimuri had registered with the Lancaster County Sheriff's Department pursuant to his requirements under SORA in May 2015 and again in July. Ratumaimuri stated that he was a transient and that he "was basically living on the street, and he said basically since July [2015], he

was in violation because he has three days once he leaves where he's living that he's required to register with his new address." Ratumaimuri also acknowledged that, as a transient, he was required to register every 30 days. The officer did not locate any information indicating that Ratumaimuri had updated his address or status with the sheriff's department since July. He subsequently placed Ratumaimuri under arrest for a SORA violation.

The conviction that subjected Ratumaimuri to the requirements of SORA was a 2014 conviction for third degree assault. He had originally been charged with third degree sexual assault but the State amended the charge to third degree assault pursuant to a plea agreement. At the plea hearing, the State informed the county court that as part of the plea agreement, Ratumaimuri would be pleading to the assault charge as a registerable offense. The factual basis that the State provided was that Ratumaimuri had partially undressed his five year old sister and rubbed his penis against her underwear. The court stated that, "given those facts, Mr. Ratumaimuri is subject to the SORA requirements and we're going to give [him] a SORA form." Upon the State's request for an additional finding that, based on those facts, the touching constituted sexual contact, the court stated, "I will make the following findings, that, based on that factual narrative discussed, too, it's a sexual offense." Following his conviction and sentencing, Ratumaimuri did not directly appeal.

In the present case, Ratumaimuri was charged with a violation of SORA pursuant to Neb. Rev. Stat. § 29-4011(1) (Reissue 2016). He filed a plea in abatement and a motion to quash the information, claiming that the State failed to adduce sufficient evidence at the preliminary hearing to bind the case over and that he was not subject to SORA because there was no finding in his third degree assault case that he had engaged in "sexual contact" or "sexual penetration." The district court held a hearing on the motions and overruled them, finding that Ratumaimuri's argument that he was not subject to SORA was a collateral attack on his previous conviction, and that, even if such issue had been raised on direct appeal in that case, there was sufficient evidence to establish that he was subject to SORA. Accordingly, the district court found that there was sufficient evidence to bind the matter over following the preliminary hearing.

The district court subsequently held a stipulated bench trial and found Ratumaimuri guilty. The court sentenced Ratumaimuri to 12 to 18 months' imprisonment. Ratumaimuri now appeals.

## ASSIGNMENT OF ERROR

Ratumaimuri assigns, restated, that the district court erred in finding sufficient evidence to find him guilty of a violation of SORA.

## STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

ANALYSIS

Ratumaimuri argues that the district court erred in finding sufficient evidence to find him guilty of a violation of SORA. He claims that the State did not prove that he was subject to SORA because his third degree assault conviction was not an automatically registerable offense and the county court did not make the necessary findings to subject him to SORA. We disagree.

As an initial matter, we note that the State argues that Ratumaimuri's argument constitutes an impermissible collateral attack on his assault conviction. A collateral attack occurs when a judgment is attacked in a manner other than by a proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). Collateral attacks are impermissible unless grounded upon the court's lack of jurisdiction over the parties or subject matter. *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015).

The State argues that in the course of his assault case, Ratumaimuri was advised that he would be subject to the requirements of SORA and signed the acknowledgement of his responsibilities under the Act. He subsequently did not directly appeal. The State claims that Ratumaimuri could have challenged the county court's finding that he was subject to the requirements of SORA on direct appeal and his failure to do so estops him from asserting such argument now in a separate action.

In *State v. Torres*, 254 Neb. 91, 547 N.W.2d 153 (1998), the Nebraska Supreme Court held that SORA's registration requirements are separate and collateral to any sexual offense which the Act affects. It found that SORA was irrelevant and had no bearing on the underlying charge and conviction, as the only way that SORA affected a defendant was if he or she pled guilty or was found guilty of one of the enumerated offenses. *Id*. In his concurrence to the Court's opinion, Justice Connolly emphasized that the operation of SORA is entirely independent from the sentence imposed upon Torres for the underlying offense; thus, any challenges to the requirements of SORA are properly raised if and when a defendant becomes subject to its provisions but not on direct appeal from the underlying conviction. *Id*.

Based on the Supreme Court's finding in *Torres, supra*, we find that the SORA registration requirements are separate from Ratumaimuri's sentence for the underlying assault conviction. In particular, we note that, as in *Torres, supra*, the district court's order finding Ratumaimuri guilty and sentencing him did not address the registration requirements of SORA. We find that the requirements of SORA were only implicated after Ratumaimuri's conviction and, accordingly, could not be raised on direct appeal. Therefore, we turn to the merits of his claim.

Ratumaimuri argues that the State failed to present sufficient evidence to prove that he was subject to SORA following his third degree assault conviction. He claims that such an offense is not inherently sexual and that in order to prove that his conviction for that offense was registerable, the State had to provide clear and convincing evidence that the sentencing court in the assault case found that the offense involved "sexual penetration" or "sexual contact." Ratumaimuri argues that the record from the assault case shows that the county court did not make such a finding and, therefore, the State could not establish that his assault conviction subjected him to the requirements of SORA.

A conviction for third degree assault under Neb. Rev. Stat. § 28-310 (Reissue 2016) is not an automatically registerable offense. However, pursuant to Neb. Rev. Stat. § 29-4003(1)(b)(i)(B) (Reissue 2016), such a conviction is subject to SORA if a court has found "that evidence of sexual penetration or sexual contact, as those terms are defined in section 28-318, was present in the record, which shall include consideration of the factual basis for a plea-based conviction and information contained in the presentence report." In *State v. Norman*, 282 Neb. 990, 808 N.W.2d 48 (2012), the Nebraska Supreme Court further clarified that in determining whether sexual penetration or sexual contact occurred, the court should consider the factual basis, the presentence report, and the evidence in the record.

While Ratumaimuri is correct that, in his assault case, the county court did not specifically make a finding using either the term "sexual penetration" or "sexual contact," the court did make a finding, based on the factual narrative presented by the State, that the case involved a sexual offense. Specifically, we note that the factual basis indicated that he had partially undressed his younger sister and rubbed his penis against her underwear. Such an act falls squarely within the definition of sexual contact under § 28-318 (Reissue 2016), which provides that "[s]exual contact means…the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts." While a court is required to find that the underlying offense involved sexual penetration or sexual contact, we find no case law, nor does Ratumaimuri direct us to any, requiring that such a finding be explicitly made in those terms. Rather, such a finding may be implied. See *State v. Norman*, 285 Neb. 72, 824 N.W.2d 739 (2013). Based on the county court's statement that it found the assault to be a "sexual offense" and that Ratumaimuri was subject to the requirements of SORA, we find sufficient evidence in the record to indicate that he was subject to SORA as a result of his assault conviction.

Having determined that the State presented sufficient evidence that Ratumaimuri was subject to the requirements of SORA, we find that the evidence presented at his stipulated bench trial was clearly sufficient to prove that Ratumaimuri had violated SORA due to his failure to notify the sheriff's department of his change in address and his status as a transient. Accordingly, we find no merit to his assignment of error.

CONCLUSION

Based upon our review of the record, we affirm the district court's order finding Ratumaimuri guilty of violating SORA's registration requirement.

AFFIRMED.