Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/03/2018 09:09 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
ANTONIO D. RATUMAIMURI, APPELLANT.
___ N.W.2d ___

Filed May 11, 2018.    No. S-17-187.

1. **Convicted Sex Offender: Proof.** Under Neb. Rev. Stat. § 29-4011(1) (Reissue 2016), the State must prove that the defendant (1) is required to register under the Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016), and (2) violated a section of the act.

2. **Convicted Sex Offender.** Under Neb. Rev. Stat. § 29-4003(1)(b)(i)(B) (Reissue 2016), a trial court must determine whether a defendant who has committed one of the offenses listed therein is subject to the Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016), during the proceedings on the underlying conviction and sentence.

3. **Judgments: Words and Phrases.** A judgment is an adjudication of all the matters that are essential to support it, and every proposition assumed or decided by the court leading up to the final conclusion and on which such conclusion is based is as effectually passed upon as the ultimate question which is finally resolved.

4. **Criminal Law: Judgments: Sentences: Appeal and Error.** In a criminal case, the judgment from which the appellant may appeal is the sentence.

5. **Convicted Sex Offender: Appeal and Error.** Whether a defendant is subject to the Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016), based on a guilty plea or conviction for an offense that is not inherently sexual must be reviewed on direct appeal from the underlying conviction and sentence.

6. **Judgments: Collateral Attack.** When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.

7. ____: ____. A judgment that is not void, even if erroneous, cannot be collaterally attacked.

8. **Convicted Sex Offender: Collateral Attack: Appeal and Error.** A challenge to a determination that the Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016), applies to a defendant for a listed offense that is not inherently sexual outside of a direct appeal from the underlying conviction and sentence is an impermissible collateral attack.

9. **Courts: Judgments: Appeal and Error.** Upon further review from a judgment of the Nebraska Court of Appeals, the Nebraska Supreme Court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals.

Petition for further review from the Court of Appeals, Pirtle, Riedmann, and Arterburn, Judges, on appeal thereto from the District Court for Lancaster County, Susan I. Strong, Judge. Judgment of Court of Appeals affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and Nathan J. Sohriakoff for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Derr and Urbom, District Judges.

Funke, J.

The Lancaster County District Court convicted Antonio Y. Ratumaimuri of violating the registration requirements of the Sex Offender Registration Act (SORA).[1] Before the Nebraska Court of Appeals, Ratumaimuri assigned as error that there was insufficient evidence to support his conviction. Specifically, he argued the State had failed to prove he was subject to SORA's requirements, because it failed to present evidence that—during the proceedings for a previous conviction and sentence—the county court for Lancaster County had made a factual finding pursuant to § 29-4003(1)(b)(i)(B).

---

[1] See Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016).

The Court of Appeals affirmed Ratumaimuri's conviction on the sufficiency of the evidence. However, rather than relying on the determination in the previous proceedings—that Ratumaimuri was subject to SORA—alone, the Court of Appeals concluded that determination was valid because it was based on an implied factual finding pursuant to § 29-4003(1)(b)(i)(B).

On further review, we hold that (1) a determination that a defendant is subject to SORA must be reviewed on direct appeal from the underlying conviction and sentence and (2) such a determination is not subject to an impermissible collateral attack in subsequent proceedings. Accordingly, the Court of Appeals erred in analyzing whether the determination in the previous proceedings was valid. While our reasoning differs from that employed by the Court of Appeals, our ultimate conclusion on the judgment is the same. Therefore, we affirm.

BACKGROUND

In November 2015, a police officer found Ratumaimuri sleeping in a parking garage in Lincoln, Nebraska. The officer determined Ratumaimuri was a registered sex offender but had not updated his address since July 2015, when he was incarcerated. Ratumaimuri admitted he had been transient since he was released from prison, in September 2015, and was in violation of his SORA requirements because he had not registered with the Lancaster County Sheriff's Department. The officer arrested Ratumaimuri for violating SORA by failing to update his address or status.

The offense that subjected Ratumaimuri to SORA's requirements was a 2014 conviction for third degree assault. The State had amended the charge from third degree sexual assault in exchange for Ratumaimuri's agreeing to plead no contest. The State informed Ratumaimuri, however, that the county court could still determine he was subject to SORA, under the plea bargain. At the plea hearing, the county court ruled that Ratumaimuri was subject to SORA's requirements and that he had committed a "sexual offense." Ratumaimuri was provided with a "Notification of Registration Responsibilities

Under [SORA]" form, which stated: "Your conviction or guilty plea has caused you to be subject to [SORA]." At the sentencing hearing, the county court questioned Ratumaimuri about whether he had read and signed the notification form and whether he understood his responsibilities as a sex offender. Ratumaimuri did not appeal from that conviction or sentence.

In the current proceedings, Ratumaimuri was charged with violating SORA's registration requirements, under § 29-4011(1). The State offered into evidence the record from his third degree assault conviction, which contained the determination that he was subject to SORA. After a stipulated bench trial, the district court found Ratumaimuri guilty and sentenced him to 12 to 18 months' imprisonment. Ratumaimuri filed a timely appeal.

On appeal, Ratumaimuri assigned the district court erred in convicting him, because there was not sufficient evidence to prove his guilt. He argued the State failed to prove his previous conviction subjected him to SORA's requirements, because there was no factual finding under § 29-4003(1)(b)(i)(B) that the crime involved either "sexual penetration" or "sexual contact." The State argued Ratumaimuri's appeal itself was an impermissible collateral attack on his previous conviction and sentence.

The Court of Appeals determined that Ratumaimuri's appeal, regarding the sufficiency of the evidence, was not a collateral attack and affirmed Ratumaimuri's conviction, because the evidence was sufficient to prove Ratumaimuri was subject to SORA.[2] In reaching its conclusion on the sufficiency of the evidence, the Court of Appeals analyzed the determination of SORA's application to Ratumaimuri in the prior proceedings and concluded it was valid because the county court had made an implied finding of fact pursuant to § 29-4003(1)(b)(i)(B).[3]

---

[2] *State v. Ratumaimuri*, No. A-17-187, 2017 WL 5713404 (Neb. App. Nov. 28, 2017) (selected for posting to court website).

[3] *Id.*

Both Ratumaimuri and the State petitioned for further review. We denied Ratumaimuri's petition, which assigned error to the Court of Appeals' holding that sufficient evidence supported his conviction. We granted the State's petition.

ASSIGNMENT OF ERROR

The State assigns, restated, that the Court of Appeals erred in concluding Ratumaimuri's appeal was not an impermissible collateral attack on a previous judgment.

ANALYSIS

[1] Section 29-4011(1) provides: "Any person required to register under [SORA] who violates the act is guilty of a Class IIIA felony." Accordingly, for a conviction under § 29-4011(1), the State is required to prove that the defendant (1) is required to register under SORA and (2) violated a section of SORA. Ratumaimuri did not argue on appeal that he did not violate a section of SORA, so only the sufficiency of evidence regarding whether he was required to register under SORA was at issue.

In reviewing a criminal conviction for a sufficiency of the evidence claim, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

The Court of Appeals determined that the record from Ratumaimuri's third degree assault conviction provided sufficient evidence to support his conviction. Since we denied Ratumaimuri's petition for further review regarding this issue, we do not reconsider the Court of Appeals' holding that Ratumaimuri's conviction was supported by sufficient evidence.

The State contends that Ratumaimuri's appeal as a whole was an impermissible attack on a prior conviction. However,

---

[4] *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017).

since the appeal raised only one assignment of error, that being the sufficiency of the evidence, the appeal was proper. Nonetheless, Ratumaimuri specifically argued that the record from the prior proceeding was insufficient to subject him to SORA. As a result, we must consider whether this argument constituted an impermissible collateral attack on a previous judgment and whether the Court of Appeals erred in addressing the merits of this argument.

Generally, SORA requires individuals that plead guilty to or are convicted of certain enumerated offenses, also known as automatically registerable offenses, to register with the county sheriff in the counties where they reside, work, and attend school.[5] SORA requirements may also apply to individuals that plead guilty to or are convicted of offenses that are not inherently sexual, but which are listed in subsections (I) through (VII), (IX), and (X) of § 29-4003(1)(b)(i)(A). Third degree assault is one of the listed offenses that is not inherently sexual.[6]

Section 29-4003(1)(b)(i)(B) sets out the requirements to bring an offense that is not inherently sexual within SORA, stating that "[i]n order for [SORA] to apply to the [listed not inherently sexual offenses], a court shall have found that evidence of sexual penetration or sexual contact, as those terms are defined in section 28-318, was present in the record . . . ."

In *State v. Norman* (*Norman I*),[7] on direct appeal, and *State v. Norman* (*Norman II*),[8] on appeal after remand, we considered a trial court's § 29-4003(1)(b)(i)(B) determination for an underlying conviction of third degree assault. Both appeals assigned error to the district court's determination that the defendant was subject to SORA's requirements for his third degree assault conviction. In *Norman I*, we reversed the court's

---

[5] See § 29-4001 et seq.

[6] § 29-4003(1)(b)(i)(A)(VI).

[7] *State v. Norman*, 282 Neb. 990, 808 N.W.2d 48 (2012).

[8] *State v. Norman*, 285 Neb. 72, 824 N.W.2d 739 (2013).

determination that SORA was applicable, because the court made the requisite finding solely on the State's factual basis for the plea and not the evidence on the record, which denied the defendant procedural due process. In *Norman II*, we determined the burden for proving that the offense included "sexual penetration" or "sexual contact," under § 29-4003(1)(b)(i)(B), was by clear and convincing evidence, and we held that there was sufficient evidence to support the court's factual finding of "sexual contact."

[2] As evidenced by these opinions, the trial court must determine whether a defendant, who has committed a listed offense that is not inherently sexual, is subject to SORA during the proceedings on the underlying conviction and sentence.[9] This is also supported by § 29-4003(1)(b)(i)(B)'s requirement that the determination be based on the evidence in the record, because the court on the underlying conviction is in the best position to consider the facts present in the case before it.

[3-5] This court has recognized that a judgment is an adjudication of all the matters that are essential to support it, and every proposition assumed or decided by the court leading up to the final conclusion and on which such conclusion is based is as effectually passed upon as the ultimate question which is finally resolved.[10] In a criminal case, the judgment from which the appellant may appeal is the sentence.[11] Thus, we hold that whether a defendant is subject to SORA based on a guilty plea or conviction for an offense that is not inherently sexual must be reviewed on direct appeal from the underlying conviction and sentence.[12]

[6-8] When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its

---

[9] See, also, *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016).

[10] *State v. Keen*, 272 Neb. 123, 718 N.W.2d 494 (2006).

[11] *Dugan v. State*, 297 Neb. 444, 900 N.W.2d 528 (2017).

[12] See Neb. Rev. Stat. § 25-1911 (Reissue 2016).

enforcement, the attack is a collateral attack.[13] A judgment that is not void, even if erroneous, cannot be collaterally attacked.[14] Therefore, we further hold that a challenge to a determination that SORA applies to a defendant for a listed offense that is not inherently sexual outside of a direct appeal from the underlying conviction and sentence is an impermissible collateral attack.

As a result, in the instant matter, we conclude Ratumaimuri's argument that the determination in the previous proceedings was invalid constituted an impermissible collateral attack on the judgment of his previous conviction and sentence. Therefore, the Court of Appeals erred in addressing the merits of Ratumaimuri's argument and not relying solely on the prior determination that Ratumaimuri was subject to SORA.

We note that these holdings do not conflict with our earlier opinion in *State v. Torres*.[15] At the time we decided *Torres*, SORA applied only to the automatically registerable offenses now listed in § 29-4003(1)(a).[16] SORA provides that its requirements apply to these automatically registerable offenses without any determination during the proceedings on the underlying conviction.[17] After our decision in *Torres*, the Legislature amended SORA to add the offenses that are not inherently sexual and the requisite findings of sexual penetration or sexual contact.[18] Our opinions in *Norman I* and *Norman II* addressed these new considerations.

Further, *Torres* is distinguishable from Ratumaimuri's matter and our opinions in *Norman I* and *Norman II* as it concerned Reyes Torres' standing to challenge his conviction and sentence by attacking the constitutionality of SORA. Torres was

---

[13] *Fetherkile v. Fetherkile, ante* p. 76, 907 N.W.2d 275 (2018).

[14] *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

[15] *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998).

[16] See § 29-4003 (Cum. Supp. 1996).

[17] See § 29-4003(1)(a) (Reissue 2016).

[18] 2009 Neb. Laws, L.B. 285.

convicted of third degree sexual assault, which automatically made him subject to SORA. During the sentencing, Torres was advised of the requirement, but the district court's sentencing order did not address SORA's requirements. Further, Torres did not argue to the sentencing court that SORA was unconstitutional. On appeal, however, Torres argued that his sentence was excessive because SORA potentially increased his sentence for failing to register under it.

Our decision in *Torres* first addressed the fact that Torres did not raise the constitutional challenge before the sentencing court. We noted that an appellate court will not consider a constitutional question unless the question has been properly presented to the trial court for disposition. We then noted the proposition of law that "defendants are prohibited from attempting to circumvent or avoid conviction under a particular statute by asserting a constitutional challenge to another, collateral statute which is irrelevant to the prosecution."[19] As a result, we determined that the underlying conviction could not be attacked based upon the constitutionality of SORA.

[9] While our reasoning differs from that employed by the Court of Appeals, our ultimate conclusion on the judgment is the same. Upon further review from a judgment of the Nebraska Court of Appeals, the Nebraska Supreme Court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals.[20]

## CONCLUSION

The judgment of the Nebraska Court of Appeals is affirmed.

Affirmed.

---

[19] *Torres, supra* note 15, 254 Neb. at 94, 574 N.W.2d at 155.

[20] *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015).