HENRY LEISENBERG v. STATE OF NEBRASKA.

FILED OCTOBER 18, 1900. No. 11,530.

1. **Information: LANGUAGE OF STATUTE.** Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute.

2. ———: **TIME.** It is not essential, in an information or indictment charging burglary, to state the particular hour of the night at which the crime was committed.

3. ———: **FILING DURING TERM: DISCHARGE.** Where no information or indictment is filed against a defendant, charged with the commission of a crime, during the term at which he was held to answer, his detention is unlawful and he is entitled to be discharged.

4. ———: **SUBSEQUENT TERM: TRIALS: MOTION IN ARREST OF JUDGMENT.** But, if at a subsequent term of the court, an information is filed and defendant pleads not guilty, the court has power to try the issue raised; and after verdict of conviction has been rendered, it is not error to deny a motion in arrest of judgment.

5. **Charge of Court.** It is not error for the court in a criminal case to say to the jury as a part of its charge: "You are not at liberty to disbelieve as jurors if from all the evidence you

believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered."

6. **Burglary:** NIGHT-TIME. The fact that a building was feloniously broken and entered between the hours of 6:30 P. M. and 9 P. M. on March 29 does not show, with the requisite degree of moral certainty, that the crime charged was committed in the night season.

7. **Verdict:** CONJECTURE. A verdict resting upon conjecture can not be permitted to stand.

ERROR to the district court for Douglas county. Tried below before BAKER, J.  *Reversed.*

*Winfield S. Strawn,* for plaintiff in error.

*Constantine J. Smyth, Attorney General,* and *Willis D. Oldham, Deputy, contra.*

SULLIVAN, J.

Henry Leisenberg was convicted of burglary in the district court for Douglas county and sentenced to imprisonment in the penitentiary for a period of two years. The information was drawn under section 48 of the Criminal Code and charged a breaking and entering in the night season with intent to steal. The particular hour at which the crime was committed was not averred, and upon that omission was based a motion in arrest of judgment. The trial court held that the facts pleaded constituted an offense and refused to allow the motion. This ruling was not erroneous. The statute states the elements of the crime and it is, in such case, generally considered sufficient to describe it in the language of the statute. *Whitman v. State,* 17 Nebr., 224; *Bartley v. State,* 53 Nebr., 310; Wharton, Criminal Pl. & Pr. [8th ed.], sec. 220. The requirements of good pleading are ordinarily satisfied by alleging the ultimate facts; and no sufficient reason is perceived for making the information or indictment charging the crime of burglary an exception to the rule. The intimation in *Winslow v. State,* 26 Nebr., 308, 312,

that the averment of the particular hour is essential, is not, we believe, supported by any American authority and can not be approved. *Commonwealth v. Williams*, 2 Cush. [Mass.] 582; *People v. Burgess*, 35 Cal., 115. "As a rule, it is unnecessary," says Wharton, "to state the hour at which the act was done, unless rendered so by the statute upon which the indictment is framed. In burglary, indeed, it is usual to state it; but alleging the offense to have been committed in the night, without mentioning the hour, has been held to be sufficient." Wharton, Criminal Pl. & Pr. [8th ed.], sec. 130.

Another ground upon which the defendant moved in arrest of judgment was the failure of the prosecuting attorney to file an information against him during the term of court at which he was held to answer. Under the provisions of section 389 of the Criminal Code the defendant was entitled to be discharged from custody because no formal accusation was lodged against him at the January term, although such term adjourned on the day following that upon which the preliminary examination was held. *Ex parte Two Calf*, 11 Nebr., 221; *State v. Miller*, 43 Nebr., 860. The order made by the magistrate at the preliminary examination was effective during the January term, but no longer; when that term adjourned, its force was spent and the defendant was held in jail without authority. His detention was wrongful, but that did not deprive the court of power to try the issue raised by his plea of not guilty. The offense charged was within the jurisdiction of the court and the facts pleaded constitute a crime. This being so the motion in arrest of judgment was properly denied. Criminal Code, sec. 493.

Fault is found with the eighth instruction, in which the court said to the jury: "You are not at liberty to disbelieve as jurors if from all the evidence you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." This instruction has never, to our knowledge, received judicial condemnation; on the contrary, it was

considered and distinctly approved in *Willis v. State*, 43 Nebr., 102, and *Barney v. State*, 49 Nebr., 515.

It is further contended on behalf of the defendant that the evidence does not warrant the conclusion reached by the jury. This contention must be sustained. It appears the building described in the information was broken and entered after 6:30 P. M. on March 29, 1900, and that at 9 o'clock of the same evening the defendant was found in possession of some tools which were the fruits of the crime. He took the stolen property to a second-hand store where he sold it for about one-sixth of its real value, stating to the purchaser that his name was August Baker. At the preliminary examination, he testified that he received the tools from August Baker, but did not state under what circumstances or for what purpose they were received. This was practically all the evidence given at the trial tending to show defendant's complicity in the crime. No exculpatory proof was offered. Possession of stolen property is, under some circumstances, evidence of larceny; and it may or may not be evidence of burglary. In *Metz v. State*, 46 Nebr., 547, 555, it is said: "In burglary it is necessary that the breaking and entering be committed in the night-time, and the presumption will not be indulged that the breaking and entering were in the night season from the fact alone that the defendant was found in possession of the fruits of the crime; but in prosecutions for burglary, like those for larceny, the effect to be given to the fact of possession is solely for the jury." This is undoubtedly a correct statement of the rule. *Knickerbocker v. People*, 43 N. Y., 177; *State v. Bishop*, 51 Vt., 287; *State v. Snell*, 46 Wis., 524; *Neubrandt v. State*, 53 Wis., 89; *Trent v. State*, 31 Tex. Cr. Rep., 251; 3 Greenleaf, Evidence [15th ed.], p. 106, note *b;* Wills, Circumstantial Evidence [4th ed.], 61; 1 Wharton, Criminal Law [8th ed.], sec. 813.

In this case the evidence warrants the conclusion that the property found in defendant's possession was taken from Naught, the complaining witness, by breaking and

entering his shop; and consequently the fact of possession points with as much certainty to a felonious breaking and entry of the shop as it does to the theft of Naught's property. It indicates that Leisenberg violated either section 48 or 53 of the Criminal Code—that he broke and entered the shop of the complaining witness either in the night season or in the daytime. And the fact of possession, coupled with the other incriminating circumstances, namely, the sale of the tools at much less than their actual value and the attempted concealment of identity (Wills, Circumstantial Evidence, 57) makes the inference that defendant was guilty of house-breaking altogether justifiable. But, while the evidence was, perhaps, sufficient to warrant the jury in finding that Leisenberg was a criminal, it was not sufficient to justify them in finding that he was guilty of the particular crime charged. Naught's shop was broken and entered after 6:30 o'clock P. M., but how long after does not appear. Neither was it shown whether the time referred to was standard time or true local time. There is no evidence that the act in question was not done in the daytime, nor that it was done in the night season; and there is no fact in the record from which such conclusion may be fairly deduced. Upon this essential point the jury made no deduction from the facts; they simply guessed. A verdict resting upon conjecture can not be permitted to stand. *Ashford v. State*, 36 Nebr., 38; *Waters v. State*, 53 Ga., 567; *People v. Griffin*, 19 Cal., 578.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.