CHARLES T. JENKINS, APPELLANT, v. L. E. CAMPBELL ET AL., APPELLEES.

FILED MARCH 8, 1906. No. 14,173.

Justice of the Peace: APPEAL: DISMISSAL: EXECUTION. Pending an appeal from a judgment rendered in justice's court, the judgment creditor procured and filed in the district court a transcript of the proceedings had before the justice of the peace, and after dismissal of the appeal, and an order remanding the cause to the justice for further proceedings, caused an execution to issue out of the district court on the transcript so filed. *Held*, That the execution was void.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*Charles T. Jenkins, pro se.*

*W. R. Starr and T. J. Doyle, contra.*

JACKSON, C.

On November 22, 1902, the International Harvester Company recovered a judgment before a justice of the

peace in Lancaster county against Charles T. Jenkins. Jenkins procured to be filed and approved a bond for the purpose of perfecting an appeal to the district court. A transcript of the proceedings had before the justice of the peace was seasonably filed in the district court. On January 7, 1903, the company filed a motion in the appellate court attacking the sufficiency of the undertaking. The motion was supported by affidavit, and on the 5th day of February of that year the cause came on to be heard upon the motion, which was sustained, and the defendant was required to give a new bond. On the 13th day of May following, no additional untertaking having been given, the appeal was dismissed and the cause remanded to the justice's court for further proceedings. On February 10, 1903, and while the appeal was pending in the district court, the harvester company procured and filed in the office of the clerk of the district court for Lancaster county a transcript of the proceedings had before the justice of the peace. The transcript so filed disclosed all of the proceedings had before the justice, including the filing and approval of the appeal undertaking, together with the fact that the transcript had been prepared for an appeal. After the dismissal of the appeal in the district court, the harvester company caused an execution to issue out of the district court on the transcript which it filed therein while the appeal was pending. The execution was sent to the sheriff of Dundy county, who levied upon certain property belonging to the judgment debtor to satisfy the judgment, and thereupon the debtor, appellant herein, instituted this action in the district court for Dundy county, seeking to enjoin the sheriff and others from proceeding under the execution. A temporary injunction was allowed, which on final hearing was dissolved and the action dismissed. The plaintiff appeals.

The sole question presented by the record is whether a valid execution could issue on the transcript filed in the district court by the judgment creditor while the appeal

from the judgment was pending. The rule is that, by perfecting an appeal from the judgment of an inferior court, the judgment is thereby vacated and the matter stands as it did at the commencement of the action. The lower court is ousted of jurisdiction, and any proceedings taken by the judgment creditor to enforce the judgment pending the appeal are not only void, but contemptuous of the appellate court. *State v. Johnson,* 13 Fla. 33; *M'Laughlin v. Janney,* 6 Grat. (Va.) 609. That rule has been approved and followed in this state. *Jenkins v. State,* 60 Neb. 205. The transcript upon which the execution was issued was not only taken while the appeal was pending, but it discloses on its face every step taken in the lower court necessary to the perfection of an appeal. It does not show that the appeal was disposed of and would not authorize the clerk to issue an extension. It had no vitality when it was filed, it could not be made the basis of an execution and was absolutely void for the purpose intended. The creditor, doubtless, might have had judgment in the district court upon the failure of the appellant to file an additional appeal undertaking. Instead, however, of pursuing that course, it caused the appeal to be dismissed and the cause remanded to the justice's court for further proceedings. Such further proceedings, of course, related to the enforcement of the judgment, and any action taken by the judgment creditor for the collection thereof should have been initiated in the court where the judgment existed. To hold that the creditor acquired any rights under the transcript in question would be to encourage litigants to proceed in spite of the law and in contempt of the court.

We recommend that the judgment of the district court be reversed and the cause remanded, with instructions to enter judgment in accordance with the views here expressed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to enter judgment in accordance with the views here expressed.

JUDGMENT ACCORDINGLY.