STATE OF NEBRASKA, APPELLEE, v. WARDELL MOORE, APPELLANT.

180 N. W. 2d 888

Filed November 6, 1970. No. 37486.

Herbert J. Friedman, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this criminal action the defendant entered a plea of guilty to the crime charged in the information, assaulting and resisting a law enforcement officer in violation of section 28-729.01, R. S. Supp., 1967. He was sentenced by the district court for Lancaster County, Nebraska, to be confined in the Nebraska Penal and Correctional Complex for a period of 1 year. The defendant filed a notice of appeal and an affidavit of poverty in the district court for Lancaster County on November 6, 1969, and on November 10, 1969, his poverty affidavit was filed in this court. During the period of the pendency of the appeal in this court, and precisely during the period of time in which this court had extended the defendant's brief date to May 5, 1970, the defendant filed a motion for the arrest of the judgment and sentence in the district court for Lancaster County, Nebraska. The district court overruled this motion in arrest of judgment. His complaint made in his brief filed in this court now is that there was error in the overruling of the motion for arrest of judgment filed in the district court on April 21, 1970.

Jurisdiction of this case was vested in the Supreme Court of the State of Nebraska on November 6, 1969, under the precise terms of section 29-2306, R. R. S. 1943. Consequently, the district court for Lancaster County, Nebraska, had no jurisdiction while this appeal was pending in this court to entertain or enter any order with reference to the defendant's motion in arrest of judgment and sentence which he filed on April 21, 1970. The defendant's motion in arrest of judgment and the order thereon was void ab initio and was a nullity because the total jurisdiction of the case was vested in the Supreme Court of the State of Nebraska.

It further appears that a motion in arrest of judgment must be made and disposed of after verdict and before the court pronounces final judgment and sentence, and that where the motion is made after judgment and

sentence, it is void in the absence of an order vacating the judgment and sentence. See, Smith v. State, 68 Neb. 204, 94 N. W. 106; 24 C. J. S., Criminal Law, § 1547, p. 373.

The bill of exceptions in this case contains only the proceedings occurring on the defendant's plea of guilty in the district court for Lancaster County, Nebraska. No complaint is made as to error or the deprivation of constitutional rights in the reception of the plea of guilty or the legality of the judgment and sentence thereon. The matters complained of are extrinsic to this record and appear to be asserted in connection with filing of the motion in arrest of judgment.

An examination of the information filed herein reveals that the information charged all of the facts and the elements to constitute the offense described in the statute. The information is sufficient. Leisenberg v. State, 60 Neb. 628, 84 N. W. 6; Hans v. State, 147 Neb. 67, 22 N. W. 2d 385.

The judgment of the district court for Lancaster County is correct and is affirmed.

AFFIRMED.