STATE OF NEBRASKA, APPELLEE, V. ALFRED E. KNUDSEN, APPELLANT.

270 N. W. 2d 926

Filed October 25, 1978. No. 41955.

Clarence E. Mock, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The defendant was convicted in the county court of driving while intoxicated, second offense. He was sentenced to 5 days imprisonment in the county jail, fined $300, his driving privileges were suspended for 1 year, and he was ordered to pay the costs of the prosecution. On appeal to the District Court the judgment was affirmed. The defendant has now appealed to this court.

The record shows that on June 3, 1977, a police officer of the city of Blair, Nebraska, observed the defendant driving in an erratic manner. The officer followed the defendant to a point outside the city limits of Blair where the defendant was stopped and arrested. The defendant contends that the arrest was illegal because the officer had no authority to make an arrest beyond the city limits and, therefore, the judgment should be reversed.

It is unnecessary in this case to determine whether the arrest was illegal because the validity of the arrest was of no consequence so far as the prosecution for the offense was concerned. Although the illegality of an arrest may give rise to other collateral rights and remedies, it ordinarily is not a defense to the crime for which the arrest was made.

In United States v. Marzano, 537 F. 2d 257, the court said: "The power of a court to try a person is not affected by the impropriety of the method used to bring the defendant under the jurisdiction of the court. Frisbie v. Collins, 342 U. S. 519, 72 S. Ct. 509, 96 L. Ed. 541 (1952); Ker v. Illinois, 119 U. S. 436, 7 S. Ct. 225, 30 L. Ed. 421 (1886). Once the defendant is

before the court, the court will not inquire into the circumstances surrounding his presence there. United States ex rel. Calhoun v. Twomey, 454 F. 2d 326, 328 (7th Cir. 1971). The Supreme Court recently reaffirmed the continuing validity of the Ker-Frisbie doctrine. Gerstein v. Pugh, 420 U. S. 103, 119, 95 S. Ct. 854, 865-6, 43 L. Ed. 2d 54, 68 (1975).'' In Gerstein v. Pugh, 420 U. S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54, the court noted that it was an established rule that an illegal arrest or detention did not void a subsequent conviction. See, also, Bell v. Janing, 188 Neb. 690, 199 N. W. 2d 24; Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124; 5 Am. Jur. 2d, Arrest, § 116, p. 796.

The fact that the defendant was arrested by a Blair police officer outside the city limits of Blair was not a defense in this case. The judgment of the District Court is affirmed.

AFFIRMED.