IN RE INTEREST OF BRITNY S., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. BRITNY S., APPELLANT.

659 N.W.2d 831

Filed April 8, 2003. No. A-02-855.

Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.

Tiffany A. Wasserburger, Deputy Scotts Bluff County Attorney, for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Britny S. appeals from an order of the county court, sitting as a juvenile court, overruling her motion for absolute discharge. Britny's motion for absolute discharge was made on the basis of an alleged denial of Britny's statutory right to a prompt adjudication. Because we find that Britny's statutory right to a prompt adjudication was violated, we reverse, and remand with directions.

## II. BACKGROUND

### 1. PROCEDURAL HISTORY

On November 1, 2001, the State filed a petition seeking to adjudicate Britny as a juvenile within the meaning of Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 2002). The State alleged that Britny was a juvenile who had committed an act which would constitute a misdemeanor, third degree assault. On November 15, the county court, sitting as a juvenile court, scheduled Britny's adjudication for January 31, 2002.

On January 23, 2002, Britny filed a motion for continuance of the adjudication. The continuance was apparently granted, and the adjudication was apparently rescheduled for April 11. The record before us does not contain any record of any hearing that may have been held in conjunction with the January 23 motion, any order or journal entry disposing of the January 23 motion, or any docket entry disposing of the January 23 motion. It is apparent, however, from testimony presented at a later hearing, that the adjudication was ultimately rescheduled for April 11.

On April 11, 2002, the county court judge who was presiding over this juvenile case was apparently unavailable. As such, the adjudication was rescheduled, on the court's motion. The adjudication was apparently rescheduled for June 20. Again, the record

before us does not contain any order, journal entry, or docket sheet rescheduling the adjudication. It is only from dialog between the court and the attorneys at a later hearing, and by implication from a later motion filed by the State, that we are able to discern the date for which the adjudication was rescheduled.

On June 17, 2002, the State filed a motion for continuance of the adjudication. The State alleged that the continuance was requested because "necessary witnesses [were] unavailable on [June 20]." A hearing on the State's motion was held on June 20. At the hearing, the State's attorney indicated to the court that the primary investigating officer and an eyewitness were both unable to be present in court and that a continuance was necessary. Britny objected to the continuance, arguing that the State knew before the week of the scheduled adjudication that the witnesses were going to be unavailable and that the State should have made other arrangements. The court stated, "Well, life isn't perfect. The continuance is granted." The record before us does not indicate for what date the adjudication was rescheduled; there is no order, journal entry, or docket sheet either ruling on the State's motion for continuance or scheduling a new adjudication date.

On July 22, 2002, Britny filed a motion for absolute discharge. Britny alleged that her statutory right to a prompt adjudication had been violated and that she was entitled to absolute discharge. On July 23, a hearing was held on Britny's motion for absolute discharge. The State presented testimony from the court clerk concerning the reason for the continuance granted on the court's own motion in April and presented a transcription of the hearing on the State's motion to continue in June. The court found that "these continuances described were undoubtedly necessary," that "there is good cause to not close this out," and that "because of the best interests of [Britny]," absolute discharge was not appropriate. By a journal entry that indicates it was drafted on July 23, but which was not filed until August 29, the court overruled Britny's motion for absolute discharge. This timely appeal followed.

## 2. RECORD ON APPEAL

As we have noted above, for many of the rulings on motions to continue and rulings rescheduling the adjudication, the record

presented to us does not contain any order, journal entry, or docket sheet. Rather, the operative dates are apparent only from testimony and arguments made at later hearings or from later motions filed by the parties. We note that such orders, journal entries, and docket sheets were not requested in Britny's praecipe for a transcript. Although the record presented is "adequate" for us to resolve this appeal, we remind the parties that the appellant bears the burden of presenting an adequate record on appeal. See, *In re Application of SID No. 384*, 259 Neb. 351, 609 N.W.2d 679 (2000); *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 581 N.W.2d 405 (1998). If we were not able to discern these important dates from the testimony, arguments, and other filings, the absence of the court's orders, journal entries, and docket sheets could have prevented us from determining the merits of Britny's case.

The record presented to us contains another, more troublesome problem. We note that many filings made by the court in this case were not made in a timely fashion. For example, there is a journal entry indicating that the State's petition was read in open court, that Britny was advised of her rights, and that the adjudication hearing was initially scheduled for January 31, 2002. It appears that this journal entry was made on November 15, 2001, the date on which these events appear to have taken place. The file stamp, however, indicates that the journal entry was not filed until April 18, 2002. Similarly, and of more concern, the journal entry overruling Britny's motion for absolute discharge appears to have been made on July 23, 2002. Its file stamp, however, indicates that it was not filed until August 29. This is more than a month after the notice of appeal was filed, in which notice Britny stated that she intended to appeal from the order "entered by the Court on July 23, 2002." The order overruling Britny's motion for absolute discharge was not entered or effective until August 29. See *State v. Wahrman, ante* p. 101, 644 N.W.2d 572 (2002). Although Britny's premature notice of appeal is, by statute, to be treated as filed after the date on which the order finally became effective, see Neb. Rev. Stat. § 25-2729(5) (Cum. Supp. 2002), the record is needlessly complicated by the court's failure to ensure that filings were timely made. The Supreme Court recently reminded lower courts of the duty to ensure that court orders are timely entered in the manner

provided by statute. *Ford v. Estate of Clinton*, 265 Neb. 285, 656 N.W.2d 606 (2003).

## III. ASSIGNMENT OF ERROR

Britny's sole assignment of error is that the court erred in failing to grant her motion for absolute discharge.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

 An appellate court's review of a juvenile court's determination of whether a juvenile has been denied his or her statutory right to a prompt adjudication is made de novo on the record to determine whether there has been an abuse of discretion by the juvenile court. See *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). Prompt adjudication determinations are initially entrusted to the discretion of the juvenile court and will be upheld unless they constitute an abuse of discretion. *Id.*

### 2. STATUTORY RIGHT TO PROMPT ADJUDICATION

Britny asserts that the juvenile court abused its discretion in finding that her statutory right to a prompt adjudication was not violated. We agree. Our review of the record indicates that the State failed to present sufficient evidence that would allow the juvenile court to make findings regarding the reasonableness of the delays in Britny's adjudication or regarding her rehabilitation needs, future treatment, or best interests.

 Neb. Rev. Stat. § 43-271 (Reissue 1998) provides that a juvenile taken into custody pursuant to Neb. Rev. Stat. §§ 43-248 (Reissue 1998) and 43-250 and 43-253 (Cum. Supp. 2002) shall be brought before the court for adjudication as soon as possible after the corresponding petition is filed. Section 43-271 further provides that the adjudication hearing as to a juvenile in custody "shall be held as soon as possible but, in all cases, within a six-month period after the petition is filed" and that the adjudication hearing as to a juvenile not in custody shall be held "as soon as practicable but, in all cases, within a six-month period after the petition is filed." The computation of this 6-month period is made as provided in Neb. Rev. Stat. § 29-1207 (Reissue 1995).

 In *In re Interest of Brandy M. et al., supra,* the Nebraska Supreme Court held that it is readily apparent from the plain language of § 43-271 that the Legislature intended to provide a statutory right to a prompt adjudication hearing for all juveniles. The Supreme Court further held that absolute discharge for the State's failure to comply with the 6-month period is not mandated. *In re Interest of Brandy M. et al., supra.* The Supreme Court held that it is within the discretion of the juvenile court to determine whether absolute discharge of a juvenile petition is in the best interests of a juvenile, taking into consideration (1) the factors set forth in § 43-271 and Neb. Rev. Stat. § 43-278 (Reissue 1998), (2) the right of the juvenile to a prompt and fair adjudication, and (3) the future treatment and rehabilitation of the juvenile in the event of an adjudication. *In re Interest of Brandy M. et al., supra.*

### 3. APPLICATION

#### (a) Prompt Adjudication Date

As noted above, § 43-271 indicates that the prompt adjudication computation is to be made in accordance with the statutory speedy trial calculation made pursuant to § 29-1207. The petition in this case was filed on November 1, 2001. That being so, the 6-month prompt adjudication period would have expired, given no excludable time periods, on May 1, 2002. See *State v. Baker,* 264 Neb. 867, 652 N.W.2d 612 (2002) (exclude day information was filed, count forward 6 months, and back up 1 day).

#### (b) Delay Attributable to Britny

On January 23, 2002, Britny's motion for continuance was filed. As a result of this motion, the adjudication was apparently rescheduled for April 11. Under §§ 43-271 and 29-1207(4), the period of time between that filing and the new adjudication date is excluded from prompt adjudication calculations, as a like period would be excluded from speedy trial calculations in a criminal case upon a pretrial motion of the defendant. As such, 78 days are excluded from the calculation as time attributable to Britny's motion for continuance. See *State v. Baker, supra* (day of filing motion is not included). With no other excludable time periods, the 6-month prompt adjudication period would have expired on July 17 (May 1 + 78 days = July 17).

### (c) Delay Not Attributable to Britny

There are two periods of time during which the adjudication was postponed which are not attributable to Britny. Under §§ 43-271 and 29-1207(4), some periods of delay which are attributable to the State or which are for good cause may be excluded from speedy trial and prompt adjudication calculations. As such, the two periods of delay which are not attributable to Britny must be evaluated to determine whether they should be excluded from the prompt adjudication calculation.

### (i) Court's Motion for Continuance

The first of these is the period of time from April 11 to June 20, 2002. On April 11, the county court judge presiding over this juvenile proceeding was apparently unavailable and the scheduled adjudication hearing was rescheduled for June 20. Although the State presented testimony from the clerk of the court indicating the reason for the adjudication's not being held on April 11, there was no evidence presented to indicate why the hearing was rescheduled for more than 2 months later. The Supreme Court has previously held, in the context of a statutory speedy trial case, that the State has the burden to prove not only the reason for a delay, but also that the length of the delay is reasonable or for good cause. See *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986). There was no evidence presented to indicate that this delay was reasonable, necessary, or for good cause. As such, the State has failed to demonstrate that this period of delay should be excluded from the prompt adjudication calculation.

### (ii) State's Motion for Continuance

The second period of delay not attributable to Britny which must be considered is the time from June 20, 2002, until Britny filed her motion for absolute discharge on July 22. As noted above, this delay is attributable to the State's motion for continuance on the basis of the unavailability of necessary witnesses. Section 29-1207(4)(c)(i) provides that such time periods should be excluded from speedy trial calculations if the continuance is granted because of the unavailability of material evidence, when the State has exercised due diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will be

available at the later date. In this case, there was no evidence presented by the State to demonstrate any of these factors.

Although the State presented a transcription of the hearing on its motion for continuance at the hearing on Britny's motion for absolute discharge, the transcription indicates that the court received no evidence and granted the motion for continuance based on the arguments of the attorneys and the State's representation that the witnesses were unavailable. There was no evidence, either at the hearing on the motion for continuance or at the hearing on the motion for absolute discharge, to indicate the unavailability of the witnesses, the due diligence exercised by the State to obtain the testimony of the witnesses, or the reasonable grounds to believe that the witnesses would be available at a later time. Without any evidence to support these factors, the State failed to meet its burden at the hearing on the motion for absolute discharge to demonstrate that this time should be excluded from the prompt adjudication calculation. As such, this time cannot be excluded.

### 4. RESOLUTION

In *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996), the Nebraska Supreme Court upheld a juvenile court's decision to grant absolute discharge to a number of juveniles where the State failed to present evidence that would allow the court to make findings concerning the reasonableness and good cause for delays and that would allow the court to assess the rehabilitation needs, future treatment, or best interests of the juveniles. The case at bar is strikingly similar in these respects.

As noted, the State presented no evidence that would allow the county court, or this court, to make findings regarding the reasonableness of the delay of more than 2 months attributable to the court's continuance. The State presented no evidence that would allow the county court, or this court, to make findings regarding whether material evidence was unavailable, whether the State exercised due diligence to obtain such evidence, or whether there existed reasonable grounds to believe that such evidence would be available at a later date. The State presented no evidence that would allow the county court, or this court, to exclude the periods of delay resulting from either the court's

continuance or the State's continuance in computing Britny's prompt adjudication date.

■ The State further presented no evidence concerning the rehabilitation needs, future treatment, or best interests of Britny. Although the Nebraska Supreme Court noted in *In re Interest of Brandy M. et al., supra,* that a child in need of treatment 180 days after the filing of a petition is likely to require treatment on the 181st day as well, there was no evidence presented by the State concerning what treatment Britny might need on the 180th day, the 181st day, or the 185th day. The Supreme Court in *In re Interest of Brandy M. et al., supra,* specifically noted that it is rarely in the best interests of a juvenile to have his or her case languish unadjudicated in the juvenile court for more than 6 months.

We are mindful that Britny's motion for absolute discharge was filed only 5 days after her prompt adjudication date of July 17, 2002. Although a rigid and legalistic interpretation of a juvenile's statutory right to a prompt adjudication would often be contrary to the best interests of the juvenile and, ultimately, contrary to the public interest, our de novo review of the record in this case indicates that the State failed to meet its burden to demonstrate that absolute discharge was not warranted. Because the record is devoid of any evidence to excuse any delay beyond July 17; is devoid of any evidence concerning the rehabilitation needs, future treatment, or best interests of Britny; and clearly indicates that Britny had a statutory right to have an adjudication hearing no later than July 17, we find that the court abused its discretion in overruling Britny's motion for absolute discharge.

## V. CONCLUSION

We find that the county court, sitting as a juvenile court, abused its discretion in overruling Britny's motion for absolute discharge. The decision of the court overruling Britny's motion for absolute discharge is reversed, and the matter is remanded to the county court with directions to dismiss the juvenile petition against Britny in this case.

REVERSED AND REMANDED WITH DIRECTIONS.