Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2017 09:14 AM CDT

Michael Marvin Dugan, appellant, v.
State of Nebraska et al., appellees.

___ N.W.2d ___

Filed August 11, 2017.    No. S-16-421.

1. **Actions: Habeas Corpus: Collateral Attack: Appeal and Error.** As only a void judgment is subject to attack in a habeas corpus action, an appellate court is limited in such a case to reviewing a question of law, namely, Is the judgment in question void?

2. **Judgments: Appeal and Error.** To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the court below.

3. **Habeas Corpus: Judgments: Convictions: Collateral Attack.** Habeas corpus is a proper means of collaterally attacking the validity of an allegedly void judgment of conviction.

4. **Judgments: Jurisdiction: Final Orders: Appeal and Error.** An appeal is not perfected and an appellate court acquires no jurisdiction unless the appellant has satisfied the statutory requirements for appellate jurisdiction by appealing from a final order or a judgment.

5. **Final Orders: Appeal and Error.** An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

6. **Criminal Law: Pretrial Procedure: Appeal and Error.** Generally, for a pretrial order in criminal cases to be immediately appealable, it must involve a right not to be tried as opposed to a right not to be convicted.

7. **Final Orders: Pleadings.** How a motion should be regarded for purposes of determining whether its denial is a final order depends upon the substance of the motion and not its title.

8. **Arrests: Extradition and Detainer: Trial.** The unlawfulness of the means of arrest or extradition from another state does not impair the power of a court to try an accused.

Appeal from the District Court for Lancaster County: STEVEN
D. BURNS, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A.
Klein for appellees.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, STACY, KELCH, and
FUNKE, JJ.

WRIGHT, J.

## NATURE OF CASE

Trial proceeded while the defendant's appeal from the
denial of his motion for absolute discharge was pending with
the Nebraska Court of Appeals. The motion was based on
the allegations that the defendant's arrest warrant was defec-
tive and that his extradition was procedurally improper. After
the defendant was convicted and sentenced, the appeal from
the denial of the motion for absolute discharge was volun-
tarily dismissed. The conviction and sentence were affirmed
on direct appeal. In his action for habeas corpus relief, the
defendant now claims that the trial court lacked jurisdiction
to continue with his trial while his appeal from the denial of
the motion for absolute discharge was pending. He therefore
asserts that his conviction and sentence are void.

## BACKGROUND

### UNDERLYING CHARGES

Michael Marvin Dugan was arrested in Wyoming under
what the sheriff's department believed to be a valid Nebraska
warrant, but the warrant was not issued until after Dugan
was taken into custody. Dugan waived extradition and was
returned to Nebraska. In July 2006, Dugan was charged in the
district court for Cheyenne County (the trial court) with one
count of theft by unlawful taking.

## EXCESSIVE BAIL APPEAL

Dugan moved to reduce his bail pending trial, alleging it was excessive. The motion was overruled. On May 25, 2007, Dugan appealed the denial of his motion to reduce his bail to the Court of Appeals.

On June 21, 2007, the Court of Appeals dismissed the appeal for lack of jurisdiction, explaining that under *State v. Kula*,[1] the order appealed from was not final. The mandate of dismissal issued on July 27 and was filed with the trial court on August 2.[2]

## FEDERAL HABEAS ACTION

On June 26, 2007, Dugan filed an application for a writ of habeas corpus in the U.S. District Court for the District of Nebraska. The application alleged that his arrest warrant was defective and that he was extradited without proper procedure. Dugan further alleged that his bail was excessive and that the trial court had erred in refusing to stay the criminal proceedings pending his appeal of the allegedly excessive bail. Dugan asked the federal district court to stay his trial and determine the legality of his restraint, as well as to fix a reasonable bail.

## ABSOLUTE DISCHARGE MOTION
### AND APPEAL

While the federal habeas action was still pending, Dugan filed with the trial court a motion for absolute discharge for violation of his constitutional rights. Dugan alleged that his arrest warrant was defective and that his extradition was procedurally improper. The trial court denied the motion, and on October 3, 2007, Dugan appealed to the Court of Appeals.

---

[1] *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998).

[2] See *State v. Dugan*, 15 Neb. App. lxxxix (No. A-07-584, June 21, 2007).

### TRIAL VERDICT

Trial proceeded while Dugan's federal habeas action and his appeal to the Court of Appeals from the denial of his motion for absolute discharge were pending. Dugan was found guilty on October 5, 2007, and was sentenced as a habitual criminal on December 14. He was committed to the Department of Correctional Services on December 17.

### VOLUNTARY DISMISSAL OF ABSOLUTE DISCHARGE APPEAL

On January 10, 2008, Dugan filed a stipulation jointly with the State to dismiss his appeal to the Court of Appeals of the district court's denial of his motion for absolute discharge, for the reason that it was interlocutory. The mandate of dismissal issued on January 16.

### DIRECT APPEAL

On direct appeal from his conviction and sentence, Dugan presented 23 assignments of error. They included allegations that he was illegally arrested and improperly extradited. The Court of Appeals affirmed the conviction and sentence. With regard to the arrest and extradition, the Court of Appeals stated that considerations as to the method of obtaining jurisdiction over a criminal defendant were not relevant to the power of a court to try an accused. We denied Dugan's petition for further review.

### STATE HABEAS ACTION

After his direct appeal was unsuccessful, Dugan filed an application in the district court for Lancaster County for a writ of habeas corpus. Dugan alleged that his conviction and sentence were void because his trial had occurred while the court was divested of jurisdiction due to the pendency of his appeals from the denial of his motion for discharge and from the denial of his motion to reduce excessive bail.

The court dismissed with prejudice Dugan's application for a writ of habeas corpus relief. As to the court's jurisdiction during the pendency of the bail appeal, the court reasoned that because the Court of Appeals never acquired jurisdiction over the interlocutory appeal of the nonfinal order, the trial court never lost jurisdiction. As to the court's jurisdiction during the pendency of the absolute discharge appeal, the court similarly said that the arrest and extradition issues presented in the absolute discharge motion did not affect a substantial right. Therefore, the order was not final and the interlocutory appeal therefrom did not deprive the trial court of jurisdiction.

Dugan appeals the dismissal of his habeas action.

## ASSIGNMENTS OF ERROR

Dugan assigns that the district court erred in denying habeas corpus relief because (1) his sentence is void because the trial court tried, convicted, and sentenced him during the pendency of an appeal that divested the trial court of jurisdiction and (2) the Court of Appeals erred in citing the wrongly decided case *State v. Kula* and failed to properly exercise its jurisdiction to hear Dugan's appeal from the trial court's order denying his motion to reduce excessive bail.

## STANDARD OF REVIEW

[1] As only a void judgment is subject to attack in a habeas corpus action, an appellate court is limited in such a case to reviewing a question of law, namely, Is the judgment in question void?[3]

[2] To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the court below.[4]

---

[3] *Garza v. Kenney*, 264 Neb. 146, 646 N.W.2d 579 (2002).

[4] *Id.*

## ANALYSIS

Before we moved the case to our docket, the Court of Appeals summarily rejected Dugan's second assignment of error, that he was entitled to habeas corpus relief because the trial court was divested of jurisdiction during the pendency of his appeal from the motion to reduce bail. We also summarily reject Dugan's second assignment of error. We next address Dugan's assignment of error that he was entitled to habeas corpus relief because the trial court lacked jurisdiction during the pendency of his appeal from the denial of his motion for absolute discharge.

[3] Habeas corpus is a proper means of collaterally attacking the validity of an allegedly void judgment of conviction.[5] Nebraska case law generally holds that once an appeal has been perfected, the trial court is divested of its jurisdiction to hear a case involving the same matter between the same parties.[6] And with the exception of limited acts of continuing jurisdiction not applicable here, all proceedings in the district court while a perfected appeal is pending are void for lack of jurisdiction.[7]

[4] But an appeal is not perfected and an appellate court acquires no jurisdiction unless the appellant has satisfied the statutory requirements for appellate jurisdiction by appealing from a final order or a judgment.[8] In a criminal case, the

---

[5] See, *Bradley v. Hopkins*, 246 Neb. 646, 522 N.W.2d 394 (1994); Neb. Rev. Stat. § 29-2801 (Reissue 2008).

[6] *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

[7] See, *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999); *State v. Moore*, 186 Neb. 71, 180 N.W.2d 888 (1970); *Jenkins v. Campbell*, 76 Neb. 138, 107 N.W. 221 (1906). Compare, e.g., *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012).

[8] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

judgment is the sentence.[9] The question here is whether the trial court's denial of Dugan's motion for absolute discharge was a final order.

[5] An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[10]

Numerous factors determine when an order affects a substantial right for purposes of appeal.[11] Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue.[12] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[13]

We have said that an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.[14] We have also said that in order for the order to have a substantial effect on the substantial right, it is fundamental that the right is significantly undermined or irrevocably lost by postponing appellate review.[15]

---

[9] *State v. Nelson*, 276 Neb. 997, 759 N.W.2d 260 (2009). See, also, *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001).

[10] *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

[11] *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

[12] *Id.*

[13] *Id.*

[14] See *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016).

[15] See *id*. See, also, e.g., *In re Interest of Sandrino T.*, 295 Neb. 270, 888 N.W.2d 371 (2016).

Though Dugan characterized his motion as a motion for absolute discharge, motions for absolute discharge are made on speedy trial grounds.[16] Section Neb. Rev. Stat. § 29-1208 (Reissue 2008) mandates:

> If a defendant is not brought to trial before the running of the time for trial as provided for in [the speedy trial act] . . . he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

We have held that to the extent Nebraska's speedy trial statutes[17] confer a right to a speedy trial and authorize a special application to obtain judicial enforcement of that right, a ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is a ruling affecting a substantial right made during a special proceeding and is therefore final and appealable.[18] We have reasoned that the ruling on

---

[16] See, e.g., *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014); *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013); *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009); *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004); *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001); *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997); *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. Johnson*, 22 Neb. App. 747, 860 N.W.2d 222 (2015); *State v. Vela-Montes*, 19 Neb. App. 378, 807 N.W.2d 544 (2011); *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008); *State v. Vasquez*, 16 Neb. App. 406, 744 N.W.2d 500 (2008); *In re Interest of Britny S.*, 11 Neb. App. 704, 659 N.W.2d 831 (2003); *State v. Castillo*, 11 Neb. App. 622, 657 N.W.2d 650 (2003); *State v. Washington*, 11 Neb. App. 598, 658 N.W.2d 302 (2003); *State v. Hayes*, 10 Neb. App. 833, 639 N.W.2d 418 (2002); *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002).

[17] Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 2008).

[18] See, *State v. Williams, supra* note 16; *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Gibbs, supra* note 16.

a motion to discharge affects a substantial right, because the rights conferred on an accused criminal by §§ 29-1207 and 29-1208 would be significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence. We have compared this to the manner in which rights of an accused criminal would be undermined if appellate review of the denial of a plea in bar in double jeopardy claims were postponed until after conviction and sentence.[19]

[6] We have explained that both involve a right not to be tried.[20] This is in line with federal decisions that generally hold in criminal cases that in order for a pretrial order to be immediately appealable, it must involve a right not to be tried as opposed to a right not to be convicted.[21]

We have also noted that an interlocutory appeal based on a claimed denial of statutory speedy trial rights involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.[22]

[7] Dugan's motion for absolute discharge based on the alleged unlawfulness of his arrest and extradition bears no resemblance to a motion for absolute discharge based on the statutory right to a speedy trial. How a motion should be regarded for purposes of determining whether its denial is a final order depends upon the substance of the motion and not its title.[23]

---

[19] *Id.*

[20] See *State v. Williams, supra* note 16.

[21] See, e.g., *Flanagan v. United States*, 465 U.S. 259, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984); *U.S. v. Saccoccia*, 18 F.3d 795 (9th Cir. 1994).

[22] See *State v. Williams, supra* note 16.

[23] See *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

In *State v. Loyd*,[24] we held that the denial of the defendant's motion to quash based on a statute of limitations defense, which the defendant had styled as a "'motion to discharge,'" was not a final order. We explained that the denial of that motion did not diminish a defense previously available to him, because he could continue to challenge through his not guilty plea the sufficiency of the evidence to prove that the charges were filed within the period specified by the applicable statute of limitations.[25]

[8] Similarly, we will not treat this motion as one for absolute discharge simply because of its title. And, as the Court of Appeals discussed in its opinion on direct appeal, the allegations in Dugan's motion could not legally support absolute discharge. The unlawfulness of the means of arrest or extradition from another state does not impair the power of a court to try an accused.[26] The allegations of unlawful arrest and extradition do not involve a right not to be tried.

Rather, the illegality of an arrest gives rise only to "collateral" rights and remedies in the underlying criminal action, such as the exclusionary rule.[27] Those collateral rights and remedies are effectively vindicated on appeal from the judgment.[28] Other rights at issue in an allegedly unlawful arrest

---

[24] *Id*. at 770, 696 N.W.2d at 868.

[25] See *State v. Loyd, supra* note 23. See, also, *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482 (1990).

[26] See, *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544 (1991); *State v. Smith*, 207 Neb. 263, 298 N.W.2d 162 (1980); *State v. Knudsen*, 201 Neb. 584, 270 N.W.2d 926 (1978); *State v. Costello*, 199 Neb. 43, 256 N.W.2d 97 (1977); *Maddox v. Sigler*, 181 Neb. 690, 150 N.W.2d 251 (1967); *Jackson v. Olson*, 146 Neb. 885, 22 N.W.2d 124 (1946). See, also, *Pettibone v. Nichols*, 203 U.S. 192, 27 S. Ct. 111, 51 L. Ed. 148 (1906); *Mahon v. Justice*, 127 U.S. 700, 8 S. Ct. 1204, 32 L. Ed. 283 (1888).

[27] *State v. Masat*, 239 Neb. 849, 852, 479 N.W.2d 131, 133 (1992).

[28] See cases cited *supra* note 26.

or extradition may be vindicated through a civil rights action under 42 U.S.C. § 1983 (2012).[29]

Simply put, the trial court's ruling pertaining to the allegations of unlawful arrest and extradition in Dugan's motion for absolute discharge did not affect the subject matter of the underlying criminal litigation. As such, the district court's order did not affect a substantial right. The order, therefore, was not final, and Dugan's interlocutory appeal therefrom did not deprive the trial court of jurisdiction to proceed with Dugan's trial, conviction, and sentencing.

The district court correctly denied Dugan's application for a writ of habeas corpus relief. We find no merit to Dugan's contention that the underlying criminal judgment against him was void. Because the trial court's denial of his motion for absolute discharge was not a final order, the trial court was not divested of jurisdiction when Dugan filed this interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

CASSEL, J., participating on briefs.

---

[29] See, Annot., 45 A.L.R. Fed. 871 (1979); Annot., 1 A.L.R. Fed. 519 (1969).