Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

Elisa Gerber, appellant, v. P & L Finance Co., Inc.,
a Nebraska corporation, doing business as
Elisa Ilana, et al., appellees.

___ N.W.2d ___

Filed November 2, 2018.    No. S-17-710.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of
   law, which an appellate court resolves independently of the trial court.
2. **Pleadings.** When the title of a filing does not reflect its substance, it is
   proper for a court to treat a pleading or motion based on its substance
   rather than its title.
3. **Attorney Fees: Statutes: Words and Phrases: Appeal and Error.**
   "Proceeding" as used in Neb. Rev. Stat. § 21-2,114 (Supp. 2017)
   includes appeals, and therefore, the statute applies to indemnification for
   attorney fees incurred in an appeal.
4. ____: ____: ____: ____. Because Neb. Rev. Stat. § 21-2,114 (Supp.
   2017) provides that a director may apply for indemnification for attor-
   ney fees "to the court conducting the proceeding" and because "proceed-
   ing" includes an appeal, § 21-2,114 provides that a director may apply
   to an appellate court for indemnification related to an appeal that took
   place in the appellate court.

Petition for further review from the Court of Appeals,
Moore, Chief Judge, and Pirtle and Arterburn, Judges, on
appeal thereto from the District Court for Douglas County,
Peter C. Bataillon, Judge. Judgment of Court of Appeals
reversed, and cause remanded with directions.

Brian E. Jorde and Christian T. Williams, of Domina Law
Group, P.C., L.L.O., for appellant.

Edward D. Hotz, of Pansing, Hogan, Ernst & Bachman,
L.L.P, for appellees P & L Finance Co. and Laurie Langdon.

James Polack, P.C., L.L.O., for appellee Paul Gerber.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

We granted appellee Paul Gerber's petition for further review of the order of the Nebraska Court of Appeals which overruled his motion in which he sought to recover attorney fees from coappellee P & L Finance Co., Inc. (P & L). Paul styled his pleading as a "Motion for Attorney Fees." However, in the filing, Paul sought an order requiring P & L, of which he is a director, to indemnify him for attorney fees he incurred in the appeal of a case where he was made a party because he was a director. We reverse the order of the Court of Appeals which denied Paul's request, and we remand the cause to the Court of Appeals with directions to consider the filing as an application for an order for indemnification rather than as a motion for an award of attorney fees.

## STATEMENT OF FACTS

Elisa Gerber filed an action in the district court for Douglas County against P & L seeking, inter alia, issuance of a stock certificate. She also named as defendants Laurie Langdon and Paul, who are directors of P & L. The defendants moved for summary judgment. The district court determined that Elisa's claim for issuance of a stock certificate was barred by the statute of limitations and, consequently, that her other claims were also barred. The district court granted summary judgment in favor of the defendants. Elisa appealed to the Court of Appeals. On April 24, 2018, the Court of Appeals affirmed the district court's grant of summary judgment in a memorandum opinion. *Gerber v. P & L Finance Co.*, No. A-17-710, 2018 WL 1920600 (Neb. App. Apr. 24, 2018) (selected for posting to court website).

After the Court of Appeals filed its decision, Paul filed a motion titled "Motion for Attorney Fees." Paul, an appellee

in the appeal, did not seek an award of attorney fees from the appellant, Elisa. Instead, Paul requested an order requiring another appellee, P & L, to pay his attorney fees. In his motion, Paul made reference to Neb. Ct. R. § 2-109(F) (rev. 2014) (Rule 2-109(F)), which provides in part:

> Any person who claims the right under the law or a uniform course of practice to an attorney fee in a civil case appealed to the Supreme Court or the Court of Appeals must file a motion for the allowance of such a fee supported by an affidavit which justifies the amount of the fee sought for services in the appellate court.

The affidavit of his attorney setting forth attorney fees in the amount of $ 5,381.25 incurred in connection with the appeal to the Court of Appeals was attached to the motion. Paul also referred to P & L's articles of incorporation.

Paul alleged in the motion that he was made a party to this case based solely on his status as an officer, director, and shareholder of P & L. He further alleged that P & L's "Articles of Incorporation" provided that P & L indemnify him for attorney fees he incurred in the appeal of this action. Paul cited provisions of the Nebraska Model Business Corporation Act, Neb. Rev. Stat. §§ 21-201 through 21-2,232 (Cum. Supp. 2016 & Supp. 2017), which, he asserted, require that he be indemnified and authorized the Court of Appeals to order such indemnification.

P & L and Langdon objected and noted that Rule 2-109(F) provides for an award of attorney fees when a party is entitled to such "under the law or a uniform course of practice." Supplemental brief for appellees P & L and Langdon in response to petition for further review at 1. P & L and Langdon argued that under the law and uniform course of practice in Nebraska, one can recover attorney fees only from an adverse party, not from a "co-party." *Id.* at 2. They asserted that Paul's request should be denied, because Paul was seeking attorney fees from a coparty and "[t]here is no law or uniform course of procedure which recognizes the recovery of attorney fees from a non-adverse party . . . ." *Id.* at 1.

The Court of Appeals denied Paul's request. In a minute entry, the Court of Appeals stated, "Appellee, Paul Gerber's motion for attorney fees is denied. There is no law or uniform course of practice in the appellate courts which recognizes the recovery of attorney fees from a non-adverse party. See [Rule] 2-109(F)."

We granted Paul's petition for further review of the order of the Court of Appeals which overruled his motion.

## ASSIGNMENT OF ERROR

Paul generally claims that the Court of Appeals erred when it overruled his request for attorney fees.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *In re Guardianship of S.T.*, 300 Neb. 72, 912 N.W.2d 262 (2018).

## ANALYSIS

Paul claims that the Court of Appeals erred when it overruled his request for attorney fees. We determine that, although the request was fashioned as a motion for an award of attorney fees pursuant to Rule 2-109(F), the substance of Paul's filing was a request for an order for indemnification from P & L under the Nebraska Model Business Corporation Act. We further determine that under the relevant statute, a director may apply to an appellate court which conducted the proceeding for an order for indemnification. We therefore reverse the order which overruled Paul's request and remand this appeal to the Court of Appeals with directions to consider Paul's filing consistent with § 21-2,114 as an application for an order for indemnification rather than a motion for an award of attorney fees.

Paul contends that the Court of Appeals erroneously read a "'non-adverse party' requirement" into Rule 2-109(F) and erred when it stated that there was "no law" that would allow recovery in the Nebraska appellate courts of attorney fees from a nonadverse party. He asserts that the Nebraska Model

Business Corporation Act is the law that authorizes recovery of attorney fees in this case. In response, P & L and Langdon contend that Rule 2-109(F) controls and allows attorney fees only when a prevailing party is seeking an award of attorney fees from an adverse party. Although our reasoning differs somewhat, we agree with Paul that the Court of Appeals may determine whether he is entitled to indemnification for attorney fees in this appeal.

[2] Our review of the proceedings shows that certain parties and the Court of Appeals focused on the form of Paul's request but failed to consider its substance. As noted, Paul fashioned the filing as a motion for an award of attorney fees; he titled it as a "Motion for Attorney Fees" and stated that it was filed pursuant to Rule 2-109(F). But, given the content of the motion, we read the substance of his filing as an application for an order of indemnification under the Nebraska Model Business Corporation Act. We have indicated that when the title of a filing does not reflect its substance, it is proper for a court to treat a pleading or motion based on its substance rather than its title. See *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014) (stating that it is proper for court to look at substance of petitioner's actual request, instead of simply title of petition); *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005) (stating that determination as to how motion should be regarded depends upon substance of motion, not its title). See, also, *Dugan v. State*, 297 Neb. 444, 900 N.W.2d 528 (2017) (stating how motion should be regarded for purposes of determining whether its denial is final order depends upon substance of motion and not its title).

The relief Paul sought was not per se an award of attorney fees under Rule 2-109(F), which, when allowed, is typically granted to a prevailing party and against an adverse party. Paul and P & L differ in this appeal as to whether attorney fees may be awarded against a nonadverse party under Rule 2-109(F). However, for purposes of this appeal, we need not resolve this disagreement, because we do not read the

substance of Paul's filing as an ordinary request for an award of attorney fees.

Instead, the substance of Paul's filing shows that as a director, he is seeking indemnification from P & L for attorney fees he incurred in this appeal as authorized by the Nebraska Model Business Corporation Act. In particular, Paul cites § 21-2,114, which provides in part:

(a) A director who is a party to a proceeding because he or she is a director may apply for indemnification or an advance for expenses to the court conducting the proceeding or to another court of competent jurisdiction. After receipt of an application and after giving any notice it considers necessary, the court shall:

(1) Order indemnification if the court determines that the director is entitled to mandatory indemnification under section 21-2,112;

(2) Order indemnification or advance for expenses if the court determines that the director is entitled to indemnification or advance for expenses pursuant to a provision authorized by subsection (a) of section 21-2,118; or

(3) Order indemnification or advance for expenses if the court determines, in view of all the relevant circumstances, that it is fair and reasonable[.]

The statutes mentioned in § 21-2,114 set forth circumstances in which indemnification would be mandatory or permissible. Section 21-2,112 provides:

A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because he or she was a director of the corporation against expenses incurred by the director in connection with the proceeding.

Section 21-2,118(a) provides in part:

A corporation may, by a provision in its articles of incorporation or bylaws or in a resolution adopted or a contract approved by its board of directors or shareholders, obligate itself in advance of the act or omission

giving rise to a proceeding to provide indemnification in accordance with section 21-2,111 or advance funds to pay for or reimburse expenses in accordance with section 21-2,113.

Referring to such statutory authority, Paul alleged that he was made a party to this case and to this appeal based on his status as an officer, director, and shareholder of P & L and that P & L's articles of incorporation require indemnification of directors. Paul referred, inter alia, to an exhibit of P & L's articles of incorporation and attached his attorney's affidavit and billing for services related to the appeal.

Based on the substance of Paul's filing, we determine that the filing was an application under § 21-2,114 for an order of indemnification against P & L. Although the filing was fashioned as a motion for an award of attorney fees under Rule 2-109(F), the Court of Appeals should have considered Paul's request based on its substance. Having determined that the substance of Paul's filing was an application by a director for an order of indemnification under § 21-2,114, we next consider whether an application of this sort may properly be made to the appellate court in which the attorney fees were incurred.

Section 21-2,114 provides in relevant part that one "who is a party to a proceeding" based on his or her status as a director may apply for indemnification "to the court conducting the proceeding or to another court of competent jurisdiction." Section 21-2,110 sets forth definitions applicable to § 21-2,114 and related statutes, and § 21-2,110(6) provides, "Proceeding means any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, arbitrative, or investigative and whether formal or informal." Section 21-2,110 is based on § 8.50 of the Model Business Corporation Act. See 2 Model Business Corporation Act Ann. § 8.50 (3d ed. 2002). With regard to the definition of "proceeding," the official comment to the model act states as follows:

The broad definition of "proceeding" ensures that the benefits of this subchapter will be available to directors

in new and unexpected, as well as traditional, types of litigation or other adversarial matters, whether civil, criminal, administrative, or investigative. It also includes arbitration and other dispute resolution proceedings, *lawsuit appeals* and petitions to review administrative actions.

ABA Committee on Corporate Laws, *Changes in the Model Business Corporation Act—Amendments Pertaining to Indemnification and Advance for Expenses*, 49 Bus. Law. 741, 755-56 (1994) (emphasis supplied).

[3,4] We read "proceeding" as used in § 21-2,114 to include appeals, and therefore, the statute applies to indemnification for attorney fees incurred in an appeal. Furthermore, because § 21-2,114 provides that a director may apply for indemnification "to the court conducting the proceeding" and because "proceeding" includes an appeal, we read § 21-2,114 as providing that a director may apply to an appellate court for indemnification related to an appeal that took place in the appellate court. Based on this reading of § 21-2,114, we determine that in the present case, Paul properly sought indemnification for attorney fees incurred in the appeal to the Court of Appeals and that the Court of Appeals was a court to which he could apply for an order for indemnification.

As noted, § 21-2,114 provides that a director may apply to the "court conducting the proceeding," as well as "to another court of competent jurisdiction." Referring to this statutory provision, P & L and Langdon contend that Paul should have applied to the district court rather than the Court of Appeals for an indemnification order. We do not agree. We recognize that there are circumstances in which an appellate court might not be the best forum for deciding an application for indemnification. We are aware of cases in which, for example, an issue such as whether a director was sued in his or her capacity as a director was a fact issue that needed to be resolved by a trial court, either as a counterclaim within the action or as a separate action. See, *Witco Corp. v. Beekhuis*, 38 F.3d 682 (3d Cir. 1994); *Heffernan v. Pacific Dunlop GNB Corp.*, 965 F.2d

369 (7th Cir. 1992); *First American Corp. v. Al-Nahyan*, 17 F. Supp. 2d 10 (D.D.C. 1998); *Battenfeld of America Holding Co. v. Baird, Kurtz & Dobson*, 1999 WL 1096047 (D. Kan. Nov. 8, 1999) (unpublished memorandum and order).

But in the present case, in its order granting summary judgment, the district court found without challenge on appeal that it was "undisputed" that Paul was a director of P & L and the district court also granted Paul's claim for indemnification for fees incurred at the district court level without objection. At oral argument, the only issue that P & L identified as in need of resolution was the reasonableness of the appellate-related fee for which Paul requested indemnification. We see no need to refer this request for indemnification to the district court. Appellate courts can, and often do, decide whether fee requests for services performed in appeals before them are reasonable. Therefore, there is no apparent reason that the Court of Appeals could not determine Paul's application in this appeal consistent with § 21-2,114(a).

## CONCLUSION

In this case, Paul was a party because he was a director. We conclude that Paul's request for attorney fees was, in substance, an application under § 21-2,114 for an order of indemnification from P & L. We further conclude that because the Court of Appeals was the court conducting the proceedings, such application for indemnification was properly filed in the Court of Appeals, and that the appellate court should have considered the filing as such. We reverse the order of the Court of Appeals which overruled Paul's "Motion for Attorney Fees." We remand the cause to the Court of Appeals with directions to consider Paul's filing consistent with § 21-2,114 as an application for an order of indemnification against P & L.

REVERSED AND REMANDED WITH DIRECTIONS.